**CITY OF DALLAS et al., Appellants,**

v.

**DALLAS COUNTY HOUSEMOVERS ASSOCIATION, Appellee.**

No. 19248.

Court of Civil Appeals of Texas, Dallas.

Aug. 24, 1977.

Joseph G. Werner, Asst. City Atty., Dallas, for appellants.

Gary R. Stephens, Stephens & Stephens, Dallas, for appellee.

ROBERTSON, Justice.

Dallas County Housemovers Association sued the City of Dallas, Texas, and various city officials, seeking to enjoin the enforcement of certain sections of chapter 62 of the Dallas City Code which regulates the moving of buildings within the city. The housemovers claimed that certain sections of the ordinance were unconstitutional restrictions upon their alleged right to conduct an otherwise lawful business. After trial without a jury, the district court held that the challenged sections were invalid

and permanently enjoined the city from enforcing the ordinance. Since we hold that injunctive relief was not proper, we reverse and dissolve the injunction.

The ordinance complained of restricts various facets of the housemoving business. Section 6204(a) deals with inspection of vehicles and equipment used in transporting buildings on the city streets, and section 6211 prohibits the importation of buildings and structures from outside the city limits except under certain specified circumstances. Section 6213(a) provides that the total width of transported buildings shall not exceed the width of any street used along the route, and section 6213(b) regulates the maximum height of buildings and structures which may be transported without giving written notice to utility companies before the move.

## Jurisdiction

Before we address the merits of this controversy, we must decide whether the trial court had jurisdiction to enjoin the enforcement of this penal ordinance. Ordinarily, a civil court is not concerned with the enforcement of criminal laws; the validity of a penal ordinance is an issue normally reserved to the courts of criminal jurisdiction. *City of Fort Worth v. Craik*, 411 S.W.2d 541, 543 (Tex.1967); *Crouch v. Craik*, 369 S.W.2d 311, 315 (Tex.1963). Civil courts may enjoin the enforcement of a penal ordinance only where the ordinance is void and its enforcement will result in irreparable injury to vested property rights. *City of Fort Worth*, 411 S.W.2d at 542; *Crouch*, 369 S.W.2d at 315. This rule encompasses three requirements: (1) voidness, (2) vested property right, and (3) irreparable harm to that right. If the plaintiff fails to show any of these, a civil court cannot issue an injunction against enforcement of the ordinance. Thus, where the plaintiff fails to show that irreparable harm will occur, the civil courts cannot enjoin enforcement of a penal provision. *Better Home Products of Texas, Co. v. City of Dallas*, 517 S.W.2d 373, 374 (Tex.Civ.App.— Dallas 1974, writ ref'd n. r. e.).

The requirement of irreparable injury is related to the adequacy of the remedy at law. *State v. Logue*, 376 S.W.2d 567, 572 (Tex.1964). The supreme court has taken the position that the opportunity to assert the unconstitutionality of a penal provision as a defense to a criminal prosecution is an adequate remedy at law. *Id.; City of Austin v. Austin City Cemetery Ass'n*, 87 Tex. 330, 28 S.W. 528, 530 (1894). The courts have found irreparable injury where the enforcement of the penal provision would result in the destruction of the property before the validity of the provision could be tested in the courts. *Adams v. Antonio*, 88 S.W.2d 503, 506–07 (Tex.Civ.App.—Waco 1935, writ ref'd) (per Alexander, J.); *see Logue*, 376 S.W.2d at 571. The courts have also found irreparable injury where the penal provision operated against the potential customers of a business, as well as against the operator. *City of Austin*, 28 S.W. 529–30; *see Logue*, 376 S.W.2d at 570–71; *but see Shoppers Fair, Inc. v. City of Houston*, 406 S.W.2d 86 (Tex.Civ.App.—Eastland 1966, writ ref'd n. r. e.). In *City of Austin*, the court reasoned that the operator would be effectively prevented from ever challenging the validity of the provision because his customers would be reluctant to expose themselves to criminal liability in order to test the law. Thus, without a customer willing to accept that risk, the businessman could not violate the provision and test its validity in a criminal prosecution. The businessman had, therefore, no adequate remedy at law. However, neither of these exceptions is present here, and we do not perceive any other exception on these facts. The housemovers are free to disregard the ordinances and test their validity as a defense to prosecution. No penalty is prescribed for those employing housemovers in violation of the ordinances, and, with respect to the storage regulation, no customer is even remotely involved in the acts which constitute the violation. The housemovers have not shown that the enforcement of the ordinance will cause them any harm other than that inherent in prosecution for an offense. This does not constitute irreparable harm in

this context. *Logue,* 376 S.W.2d at 572. Therefore, we must hold that the house-movers have failed to establish that they would suffer an irreparable injury.

Reversed and injunction dissolved.