**GILMER INDEPENDENT SCHOOL DISTRICT, Appellant,**

v.

**Louis DORFMAN, Appellee.**

No. 12–03–00111–CV.

Court of Appeals of Texas, Tyler.

Aug. 29, 2003.

Donald E. Lindsay, for appellant.

Tom Thomas, for appellee.

Amy Warr, Attorney General's Office, for other.

Panel consisted of JAMES T. WORTHEN, C.J., GRIFFITH, J. and DeVASTO, J.

## OPINION

JAMES T. WORTHEN, Chief Justice.

Gilmer Independent School District ("GISD") brings this interlocutory appeal from the trial court's order denying its plea to the jurisdiction in a suit brought by Louis Dorfman ("Dorfman") contesting the constitutionality of Chapters 41 and 42 of the Texas Education Code. We reverse and remand.

### BACKGROUND

In 2002 Dorfman paid $8.76 in taxes to GISD on three mineral properties he owned. He then filed a suit against GISD seeking a declaratory judgment that Chapters 41 and 42 of the Texas Education Code "separately and together, individually and otherwise, in their operation and effect" violate the Texas Constitution and are therefore unconstitutional.

GISD responded to the suit with a plea to the jurisdiction.[1] GISD asked the court in its plea to the jurisdiction to dismiss Dorfman's suit for failure to name the

Texas Commissioner of Education ("the commissioner") as a necessary and indispensable party to the determination of the constitutionality of Chapters 41 and 42 of the Texas Education Code. Dorfman responded to GISD's plea to the jurisdiction by stating the commissioner was not a necessary party because he was only seeking a declaratory judgment and injunctive relief "against the assessment and collection of an unconstitutional tax." Following a hearing, the trial court denied GISD's plea to the jurisdiction. GISD timely filed this interlocutory appeal of the order denying its plea to the jurisdiction. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(8) (Vernon Supp.2003).

### ISSUE

In its first issue, GISD asks us to determine whether the commissioner is a necessary and indispensable party to determine the constitutionality of Chapters 41 and 42 of the Texas Education Code.

### STANDARD OF REVIEW

■ A plea to the jurisdiction contests the trial court's authority to determine the subject matter of the cause of action. *Cornyn v. County of Hill,* 10 S.W.3d 424, 427 (Tex.App.-Waco 2000, no pet.). Subject matter jurisdiction is a legal question, and the plea to the jurisdiction is reviewed under a de novo standard of review. *Id.* Dismissing a cause of action for lack of subject matter jurisdiction is only proper when it is impossible for the plaintiff's petition to confer jurisdiction on the trial court. *Harris County v. Cypress Forest Pub. Util. Dist.,* 50 S.W.3d 551, 553 (Tex.App.-Houston [14th Dist.] 2001, no pet.). For purposes of a plea to the jurisdiction, we take the undisputed factual al-

1. GISD also filed a plea in abatement, special exceptions, original answer and affirmative defenses, but those are not germane to this appeal and will not be discussed.

legations in the parties' pleadings to be true. *See Alamo Cmty. Coll. Dist. v. Obayashi Corp.,* 980 S.W.2d 745, 746 (Tex. App.-San Antonio 1998, pet. denied).

### ANALYSIS

■ Section 37.006(a) of the Declaratory Judgment Act states that "when declaratory relief is sought, all persons who have or claim any interest that would be affected by the declaration must be made parties." TEX. CIV. PRAC. & REM.CODE ANN. § 37.006(a) (Vernon 1997). Dorfman's suit sought to have the entirety of Chapters 41 and 42 of the Texas Education Code declared unconstitutional. He did not limit his constitutional attack to any specific provisions of Chapters 41 or 42 that may have implicated only GISD.

■ Pursuant to the Texas Education Code, the commissioner of education performs duties in connection with the equalized wealth level under Chapter 41 and the Foundation School Program under Chapter 42. TEX. EDUC.CODE ANN. § 7.055(b)(34), (35) (Vernon Supp.2003). In reviewing Chapters 41 and 42, we see dozens of enforcement mandates assigned to the commissioner by the legislature. *See* TEX. EDUC.CODE ANN. §§ 41, 42 (Vernon 1996 & Supp.2003). GISD bases its contention that the commissioner is a necessary and indispensable party in this suit on Texas Rule of Civil Procedure 39 which states in part: "A person who is subject to service of process shall be joined as a party to the action if in his absence complete relief cannot be accorded to those already parties...." TEX.R. CIV. P. 39(a). While such a situation is rare, there are parties whose presence is so indispensable to the resolution of a cause of action that their absence can deprive a court of jurisdiction. *Nuchia v. Woodruff,* 956 S.W.2d 612, 616–17 (Tex.App.-Houston [14th Dist.] 1997, pet. denied) (op. on reh'g).

■ A requirement that a party with authority to enforce a particular statute be named in a suit to declare the statute unconstitutional is essential to effectuate the well-settled principle that the courts are without jurisdiction to render advisory opinions. *Lone Starr Multi Theatres, Inc. v. State,* 922 S.W.2d 295, 297 (Tex.App.-Austin 1996, no pet.). A state official primarily responsible for enforcement of a statute must be joined in any suit affecting the constitutionality of that statute. *See Motor Vehicle Bd. v. El Paso Indep. Auto. Dealers Ass'n Inc.,* 37 S.W.3d 538, 541 (Tex.App.-El Paso 2001, pet. denied). Failure to add a necessary and indispensable party to the constitutional challenge of a statute leaves the trial court without jurisdiction. *See id.*[2] The commissioner is an indispensable party to Dorfman's suit. Therefore, the trial court erred in denying GISD's plea to the jurisdiction. GISD's first issue is sustained.

### CONCLUSION

Dorfman failed to name the commissioner of education as a defendant in his suit against GISD. Because the commissioner

---

2. In his brief, Dorfman contends that the issue of failing to add the commissioner as a defendant to his suit is now moot because eight days after the trial court entered its written order denying GISD's plea to the jurisdiction, the attorney general for the State of Texas filed a notice of intervention along with his plea to the jurisdiction, special exceptions and original answer. None of these pleadings are in the record as filed. Only the attorney general's notice of intervention has been attached to Dorfman's brief. We cannot consider documents attached to an appellate brief that do not appear in the record. *Till v. Thomas,* 10 S.W.3d 730, 733 (Tex.App.-Houston [1st Dist.] 1999, no pet.). This court must hear and determine a case on the record as filed, and may not consider documents attached as exhibits to briefs. *Id.*

is an indispensable party, his absence deprives the trial court of jurisdiction. Since GISD's first issue is dispositive of this interlocutory appeal, we do not consider its second and third issues. *See* TEX.R.APP. P. 47.1.

Accordingly, we reverse the order of the trial court and remand this matter to the trial court with instructions to enter an order dismissing Dorfman's suit for lack of jurisdiction.