**WILD ROSE RESCUE RANCH, Appellant**

v.

**CITY OF WHITEHOUSE, Appellee.**

No. 12–11–00371–CV.

Court of Appeals of Texas, Tyler.

July 11, 2012.

Paula E. Hughes, Houston, for Appellant.

Ronald M. Schoenbrun, for Appellee.

Panel consisted of WORTHEN, C.J., GRIFFITH, J., and HOYLE, J.

## OPINION

JAMES T. WORTHEN, Chief Justice.

Wild Rose Rescue Ranch appeals the trial court's order granting the City of Whitehouse's plea to the jurisdiction. In three issues, Wild Rose argues that the trial court had subject matter jurisdiction to consider its constitutional challenge to a city ordinance, that it should have been allowed to present evidence at the hearing

on the City's plea to the jurisdiction, and that it should have been afforded an opportunity to amend its pleadings rather than the case being dismissed. We affirm.

## BACKGROUND

Wild Rose is a nonprofit organization that rescues animals, provides them with foster homes, and adopts them out to members of the public. It has been operating in the City of Whitehouse since 2004. In February 2011, the City enacted an animal control ordinance to protect the health, safety, and welfare of its citizens. As pertinent to this case, the ordinance prohibits any property owner from keeping more than four dogs, four rabbits, and other enumerated collections of animals. The City made five exceptions to this prohibition: (1) a state licensed veterinary clinic, (2) a state licensed animal shelter, (3) litters up to twelve weeks old, (4) a commercial pet shop approved by the City's animal control officer, and (5) animals kept by permit from the City's animal control officer.

Each violation of the ordinance can be punished by a $500.00 fine. If a property owner violates the ordinance more than twice in a twelve month period, the City's animal control officer can prescribe a reduction in the number of animals being kept. The property owner can appeal the animal control officer's prescribed reduction of animals to the City's Administrative Review Board. The Administrative Review Board is required to make a finding to sustain, modify, or rescind the decision of the animal control officer. If the property owner violates the ordinance by keeping excessive animals, the City's animal control officer or a city police officer is authorized by the ordinance to seek a search and seizure warrant from a magistrate.

Eight days after the ordinance was adopted, and before it was cited for any violations, Wild Rose filed a lawsuit seeking a declaratory judgment, along with an injunction, from the trial court, challenging the constitutionality of the ordinance. In response, the City filed a plea to the court's jurisdiction contending that the ordinance is a penal ordinance that must be construed by a court exercising criminal jurisdiction. After a hearing, the trial court signed an order granting the City's plea to the jurisdiction and dismissing Wild Rose's cause of action without prejudice. This appeal followed.

## SUBJECT MATTER JURISDICTION

In its first issue, Wild Rose contends that the trial court had jurisdiction to consider its petition for declaratory relief and to grant it injunctive relief. It contends that the trial court erred when it granted the City's plea to the jurisdiction.

### Standard of Review

A plea to the jurisdiction contests the trial court's authority to determine the subject matter of the cause of action. *Gilmer Indep. Sch. Dist. v. Dorfman*, 156 S.W.3d 586, 587 (Tex.App.-Tyler 2003, no pet.). Subject matter jurisdiction is a legal question, and the plea to the jurisdiction is reviewed under a de novo standard of review. *Id.* Dismissing a cause of action for lack of subject matter jurisdiction is proper only when it is impossible for the plaintiff's petition to confer jurisdiction on the trial court. *Id.* When deciding a plea to the jurisdiction, the general rule is that the trial court must look to the allegations in the petition and must accept those allegations as true. *City of Longview v. Head*, 33 S.W.3d 47, 51 (Tex.App.-Tyler 2000, no pet.). The trial court does not look at the merits of the case. *Id.*

## Applicable Law

As a rule, a party cannot seek to construe or enjoin enforcement of a criminal statute in a civil proceeding without a showing of irreparable injury to the party's vested property rights. *Ryan v. Rosenthal*, 314 S.W.3d 136, 141 (Tex.App.-Houston [14th Dist.] 2010, pet. denied). It is well settled that courts of equity will not interfere with the ordinary enforcement of a criminal statute unless the statute is unconstitutional and its enforcement will result in irreparable injury to vested property rights. *Passel v. Fort Worth Indep. Sch. Dist.*, 440 S.W.2d 61, 63 (Tex.1969). If questions of constitutionality can be resolved in a criminal proceeding and vested property rights are not in jeopardy, then a court of equity should not intervene. *City of LaMarque v. Braskey*, 216 S.W.3d 861, 863 (Tex.App.-Houston [1st Dist.] 2007, pet. denied) (citing *State v. Morales*, 869 S.W.2d 941, 945 (Tex.1994)). The lack of jurisdiction in this type of case is not limited to suits seeking to enjoin enforcement, but also to suits seeking a declaratory judgment regarding the constitutionality of a statute or ordinance. *Morales*, 869 S.W.2d at 947.

## Discussion

Prior to suffering any action by the City under the ordinance, Wild Rose filed a declaratory judgment action, an equitable action, against the City. Wild Rose first contends that the ordinance is not penal in nature, and consequently, the trial court had jurisdiction to address the constitutionality of the ordinance. In addition, Wild Rose argues that even if the ordinance is penal in nature, the ordinance causes irreparable injury to its vested property rights, and the trial court had jurisdiction to resolve the case on the merits.

### 1. *Penal Ordinance*

Wild Rose contends that the ordinance before us is not penal, but rather a hybrid ordinance because it has a civil component. Therefore, its argument continues, the trial court had jurisdiction to address the constitutionality of the ordinance. It makes this contention because seizure and forfeiture of the excessive animals under the ordinance would be a civil proceeding, rather than a criminal proceeding. *See State v. Almendarez*, 301 S.W.3d 886, 891–92 (Tex.App.-Corpus Christi 2009, no pet.). We agree that seizure of property has long been considered a prerequisite to the initiation of civil forfeiture proceedings. *See Republic Nat'l Bank of Miami v. United States*, 506 U.S. 80, 84, 113 S.Ct. 554, 557, 121 L.Ed.2d 474 (1992). But it is also true that Congress or any lawmaking body, such as the city council of Whitehouse, may impose both a criminal and a civil sanction for the same act or omission. *See United States v. Ursery*, 518 U.S. 267, 292, 116 S.Ct. 2135, 2149, 135 L.Ed.2d 549 (1996).

The test as to whether a law is penal, in the strict and primary sense, is whether the wrong sought to be redressed is a wrong to the public or a wrong to the individual. *Huntington v. Attrill*, 146 U.S. 657, 668, 13 S.Ct. 224, 228, 36 L.Ed. 1123 (1892). Public wrongs are a breach and violation of public rights and duties, which affect the whole community, considered as a community, and are distinguished by the harsher appellation of "crimes and misdemeanors." *Id.* at 668–69, 13 S.Ct. at 228; *see also Trop v. Dulles*, 356 U.S. 86, 96, 78 S.Ct. 590, 595, 2 L.Ed.2d 630 (1958) ("In deciding whether or not a law is penal, this court has generally based a determination upon the purpose of the statute. If the statute imposes a disability for the purposes of punishment—that is, to reprimand the wrongdoer, deter others, etc., it has been considered penal."). Therefore,

we must look at the purpose of the ordinance in this case to determine whether it is penal.

■ In pertinent part, the purpose of the ordinance is to protect the health, safety, and welfare of the community from the problems caused by excessive animals. As such, it is clearly addressing a wrong to the public at large, which could adversely impact the health, safety, and welfare of the entire community. Also, the ordinance contains provisions authorizing citations and fines for commissions of the proscribed conduct. Such ordinances are generally penal in nature. *See State ex rel. Flowers v. Woodruff,* 150 Tex.Crim. 255, 200 S.W.2d 178, 181 (1947) ("There can be no question but that the ordinance under consideration is penal in its nature, as it provides a fine up to $100 for each violation of any part of the ordinance."). Accordingly, we hold that the ordinance is primarily penal in nature.

### 2. *Vested Property Rights*

Wild Rose contends that it has vested property rights in the animals that are kept at its animal shelter. Therefore, it argues that it overcame the second prong of the exception restraining a civil court from enjoining the enforcement of a penal ordinance.

■ The ordinance in question here is best characterized as a land use regulation. The issue before us then is not whether Wild Rose has vested property rights in the animals kept at the animal shelter, but whether Wild Rose is prohibited by the ordinance from continuing to use its property as an animal shelter. Property owners do not acquire a constitutionally protected vested right in property uses once commenced or in zoning classifications once made. *City of University Park v. Benners,* 485 S.W.2d 773, 778 (Tex. 1972). Therefore, even though Wild Rose

has used the property as an animal rescue shelter since 2004, it does not have a constitutionally protected vested right in its property use. *Braskey,* 216 S.W.3d at 864. Moreover, a city may lawfully exercise its police power to control an owner's use of its property to protect the health, safety and welfare of citizens within its jurisdiction. *See Benners,* 485 S.W.2d at 778. Consequently, Wild Rose has shown no vested property right that would be implicated because it has no absolute right to use its property for a particular purpose, such as keeping animals in an animal shelter. *See Morrow v. Truckload Fireworks, Inc.,* 230 S.W.3d 232, 240 (Tex.App.-Eastland 2007, pet. dism'd). Accordingly, we hold that Wild Rose has failed to show the vested property right necessary to establish jurisdiction in the trial court to enjoin the enforcement of the penal ordinance.

### 3. *Irreparable Injury*

■ Even if Wild Rose could demonstrate that it has a vested property right to use its property as an animal shelter, the result would not change. Nor would the result change if the issue was whether Wild Rose had a property right in the animals kept at its shelter and Wild Rose could establish that it does. This is because Wild Rose's challenge to the constitutionality of the ordinance is not ripe for adjudication, and therefore Wild Rose cannot show that it will suffer irreparable injury if the ordinance is enforced.

Specifically, Wild Rose argues that even if this is a penal statute, it would have no legal recourse if the excessive animals were seized prior to a civil forfeiture proceeding. *See Morrow,* 230 S.W.3d at 240 (overruling the argument that "the trial court had jurisdiction because the fireworks ban would destroy [Truckload Fireworks, Inc.'s] property before the ban's validity could be tested in court"). In essence, through this argument, Wild Rose

contends that the promulgation of the ordinance causes it to suffer irreparable injury.

"The requirement of irreparable injury is related to the adequacy of the remedy at law." *City of Dallas v. Dallas Cnty. Housemovers Ass'n*, 555 S.W.2d 212, 214 (Tex.Civ.App.-Dallas 1977, no writ) (citing *State v. Logue*, 376 S.W.2d 567, 572 (Tex.1964)). "The supreme court has taken the position that the opportunity to assert the unconstitutionality of a penal provision as a defense to a criminal prosecution is an adequate remedy at law." *Id.* (citing *Logue*, 376 S.W.2d at 572; *City of Austin v. Austin City Cemetery Ass'n*, 87 Tex. 330, 28 S.W. 528, 530 (Tex.1894)). There is an exception that may confer jurisdiction on the court when the penal provision operates not only against the business owner, but also against potential customers of the business. *See id.; see also Morrow*, 230 S.W.3d at 240. The rationale for the exception is that unless a challenge could be asserted prior to prosecution in that circumstance, the ordinance would have the chilling effect of preventing constitutional challenges to the ordinance, because customers would be reluctant to test the constitutionality of the ordinance by engaging in conduct that might subject them to criminal prosecution. *See City of Dallas*, 555 S.W.2d at 214. Here, there has been no showing that the shelter has any "customers," or that the ordinance's provisions would apply against any "customers." Consequently, this exception does not apply. *See id.; Morrow*, 230 S.W.3d at 240.

Another exception arises when the enforcement of the penal provision would result in the destruction of the property before the validity of the provision could be tested in the courts. *See City of Dallas*, 555 S.W.2d at 214. There have been no facts pleaded that show the property at issue would be "destroyed" before Wild Rose could challenge the constitutionality of the ordinance. If the City obtains and serves a search warrant, seizes or impounds animals, issues citations, or takes other authorized action in accordance with the ordinance, Wild Rose will be afforded an opportunity to contest the constitutionality of the ordinance in those proceedings. *See id.* at 214–15 ("The housemovers are free to disregard the ordinances and test their validity as a defense to prosecution.... The housemovers have not shown that the enforcement of the ordinance will cause them any harm other than that inherent in prosecution for an offense. This does not constitute irreparable harm in this context."). We hold that Wild Rose has failed to plead facts that demonstrate how it would suffer irreparable injury from the ordinance prior to its enforcement against it.

Wild Rose's first issue is overruled.

### PROFFER OF EVIDENCE

In its second issue, Wild Rose contends that the trial court should have afforded it the opportunity to present evidence at the hearing on the plea to the jurisdiction. A court deciding a plea to the jurisdiction is not required to look solely to the pleadings but may consider evidence and must do so when necessary to resolve the jurisdictional issues raised. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 555 (Tex.2000).

In the instant case, at the beginning of the hearing on the plea to the jurisdiction, Wild Rose indicated to the trial judge that it planned to call a witness on the issue of jurisdiction. However, it never attempted to call the witness and never proffered any evidence regarding the jurisdiction issue. To complain on appeal that the trial court erroneously excluded evidence, Wild Rose must have offered the evidence during trial and ob-

tained an adverse ruling from the trial court. *Ulogo v. Villanueva*, 177 S.W.3d 496, 501 (Tex.App.-Houston [1st Dist.] 2005, no pet.). However, Wild Rose never actually attempted to call the witness to proffer any evidence. Therefore, it has nothing to complain of on appeal. *See* TEX.R.APP. P. 33.1(a)(1)(A).

Wild Rose's second issue is overruled.

### OPPORTUNITY TO AMEND PLEADINGS

In its third issue, Wild Rose contends that the trial court erroneously dismissed its cause of action when it granted the City's plea to the jurisdiction and that it should have been allowed the opportunity to amend its pleadings to attempt to establish jurisdiction.

The plaintiff bears the burden of alleging facts that affirmatively demonstrate the trial court's subject matter jurisdiction over a case. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex.1993). If the pleadings do not contain sufficient facts to affirmatively demonstrate the trial court's jurisdiction, but do not affirmatively demonstrate incurable defects in jurisdiction, the issue is one of pleading sufficiency and the plaintiff should be afforded the opportunity to amend. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226–27 (Tex. 2004). If the pleadings affirmatively negate the existence of jurisdiction, then a plea to the jurisdiction may be granted without allowing the plaintiffs an opportunity to amend. *Id.* at 227.

In the instant case, Wild Rose was required to plead facts that would show the challenged ordinance was either not penal or that Wild Rose would suffer irreparable injury to a vested property right before it could challenge its constitutionality because the City has taken no action against it. Wild Rose's pleaded facts con-

clusively negate jurisdiction. Further, in its motion for new trial filed with the trial court, it alleged no new facts that it could plead to establish jurisdiction. Its pleadings affirmatively negate any jurisdiction in the trial court. Wild Rose's third issue is overruled.

### DISPOSITION

Having overruled Wild Rose's three issues, we ***affirm*** the trial court's order granting the City's plea to the jurisdiction.