

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-13-00323-CV

MOSTAFA ARAM AZADPOUR                                    APPELLANT

V.

CITY OF GRAPEVINE, BRUNO                                 APPELLEES
RICHARD RUMBELOW, GENE
TIGNOR, AND DOES 1-49

----------

FROM THE 236TH DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

### I. INTRODUCTION

In three issues, Appellant Mostafa Aram Azadpour, who appeared pro se in the trial court and appears pro se on appeal, appeals from the trial court order granting the plea to the jurisdiction filed by Appellees City of Grapevine (the City),

---

[1]See Tex. R. App. P. 47.4.

Bruno Richard Rumbelow, Gene Tignor, and Does 1-49. We will affirm in part and reverse and remand in part.

## II. BACKGROUND

Azadpour filed suit against Appellees in the 236th District Court of Tarrant County after the City cited and fined Azadpour for violating a city ordinance concerning the height of grass or weeds growing on property in a residential neighborhood in the City. The City's Ordinance 12-111 (the Ordinance) provides that a property owner who fails to cut or remove grass or weeds taller than six inches within ten days after receiving notification from the City that the property is in violation of the Ordinance must pay the cost incurred by the City to abate the Ordinance violation. Grapevine, Tex., Code of Ordinances ch. 12, art. VI, § 12-111 (1979). The City's Code of Ordinances also provides that a person who violates the Ordinance is guilty of a misdemeanor and can be fined up to $2,000 in addition to the cost of abatement. *Id.* § 12-98 (1979). Azadpour's pleadings alleged that he found a paper notice, indicating that he had violated the Ordinance, taped to the glass next to the main entrance to his house. The City assessed a $2,000 fine against Azadpour for violating the Ordinance; the fine was later reduced to $500.

Azadpour's suit against the City, Rumbelow (individually and in his official capacity as City Manager and Officer for Public Information Act for the City), Tignor (individually and in his official capacity as a code enforcement official for

2

the City),[2] and Does 1-49 (who represent members of the City government)[3] sought the following relief:

29. Pursuant to a bench-trial, Plaintiff seeks a temporary injunction issued against Defendant-Rumbelow to enjoin him and all those within the City Government for the City of Grapevine over whom Defendant-Rumbelow has authority to enforce the said City Ordinance 12-111 against the Plaintiff till such time [as] the Court has determined whether or not the said City Ordinance 12-111 is vague or not and what correction(s), if any, is needed to rectify the said City Ordinance 12-111.

30. Plaintiff seeks a declaratory judgment stating the said City Ordinance 12-111 is vague.

31. Upon the issuance of the declaratory judgment[,] Plaintiff seeks the Court, within a time-line and procedure the Court may find appropriate and applicable, to issue a writ of mandamus directing the Defendant-Rumbelow (as the City Manager) to correct ambiguities in the said City Ordinance of 12-111 and to draw an amendment to the said Ordinance of 12-111 and to present such an amendment to the City Council for the City of Grapevine for voting and adoption.

32. Plaintiff seeks a permanent injunction against Defendant Gene Tignor prohibiting his entrance into my property when he does not have my written consent to do so, or, otherwise he has a legal authority to do so.

33. Plaintiff seeks a writ of mandamus directing the Officer for Public Information Act for the City of Grapevine, Defendant Bruno Richard Rumbelow, to make available to Plaintiff [the] whole and unredacted record responsive to Plaintiff's record request dated June 28, 2013[,] which was received by the said Officer on-or-about July 01, 2013.

---

[2]Tignor's handwritten name was at the bottom of the notice that Azadpour received regarding his violation of the Ordinance.

[3]Azadpour does not challenge on appeal the trial court's granting of Appellees' plea to the jurisdiction as to Does 1–49.

3

Appellees filed a plea to the jurisdiction and general denial. Azadpour responded to Appellees' plea to the jurisdiction, arguing that the City had waived immunity because he is not claiming monetary damages. After a hearing, which was not recorded, the Honorable Judge Dixon W. Holman (Senior Justice, Retired; substitute judge sitting by assignment) granted Appellees' plea to the jurisdiction and dismissed Appellees from the case with prejudice to refiling suit against them. Azadpour perfected this appeal and raises three issues.

## III. STANDARD OF REVIEW

A plea to the jurisdiction is a dilatory plea, the purpose of which is to defeat a cause of action based on lack of subject-matter jurisdiction without regard to the merits of the claim. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). The plaintiff bears the burden of alleging facts affirmatively showing that the trial court has subject-matter jurisdiction. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993). When a plea to the jurisdiction challenges the pleadings, we determine if the pleader alleged facts that affirmatively demonstrate the court's jurisdiction to hear the case. *City of El Paso v. Heinrich*, 284 S.W.3d 366, 378 (Tex. 2009). When reviewing a trial court's order dismissing a case for lack of jurisdiction, we liberally construe the plaintiff's pleadings in favor of jurisdiction, and we look to the pleader's intent. *State v. Holland*, 221 S.W.3d 639, 643 (Tex. 2007).

**IV. TRIAL COURT DID NOT ERR BY GRANTING APPELLEES' PLEA TO THE JURISDICTION AS TO THE CITY ON AZADPOUR'S REQUEST FOR A DECLARATORY JUDGMENT**

In his first issue, Azadpour argues that the trial court erred by granting Appellees' plea to the jurisdiction on his declaratory judgment claim. Azadpour argues that if he did not plead sufficient jurisdictional facts, he should be allowed the opportunity to amend his pleadings.

The law is well-settled that generally a court exercising equitable jurisdiction in a suit (as opposed to criminal jurisdiction) has no jurisdiction to render naked declarations of rights, status, or other legal relationships arising under a penal statute or ordinance. *See, e.g.*, *State v. Morales*, 869 S.W.2d 941, 945 (Tex. 1994) (holding that trial court exercising equitable jurisdiction in civil declaratory judgment action did not have jurisdiction to declare penal code section unconstitutional); *City of La Marque v. Braskey*, 216 S.W.3d 861, 863 (Tex. App.—Houston [1st Dist.] 2007, pet. denied) (holding that trial court exercising equitable jurisdiction in civil declaratory judgment action did not have jurisdiction to declare penal ordinance inapplicable to plaintiff or enjoin its enforcement); *Wild Rose Rescue Ranch v. City of Whitehouse*, 373 S.W.3d 211, 218 (Tex. App.—Tyler 2012, no pet.) (holding that trial court exercising equitable jurisdiction in civil declaratory judgment action did not have jurisdiction to declare ordinance unconstitutional). An exception to this general rule exists if the plaintiff establishes both that the penal statute or ordinance (1) is unconstitutional and (2) threatens irreparable injury to property rights. *Morales*, 869 S.W.2d at 942. If a

party fails to satisfy both of these prongs, then a court acting in equity lacks jurisdiction over the cause. *See Passel v. Fort Worth Indep. Sch. Dist.*, 440 S.W.2d 61, 63 (Tex. 1969); *Braskey*, 216 S.W.3d at 863 (holding that because Braskey failed to establish that the ordinance threatened irreparable injury to property rights, the trial court acting in equity lacked jurisdiction, and the appellate court need not address the first prong). That is, if questions of constitutionality of a penal statute or of a penal ordinance can be resolved in a criminal proceeding and if vested property rights are not in jeopardy, then a court of equity should not intervene. *Braskey*, 216 S.W.3d at 863.

Turning to the issue of whether the Ordinance is penal, the test is whether the wrong sought to be redressed by the Ordinance is a wrong to the public or a wrong to the individual. *See Huntington v. Attrill*, 146 U.S. 657, 668, 13 S. Ct. 224, 228 (1892). Public wrongs are a breach and violation of public rights and duties, which affect the whole community, considered as a community, and are distinguished by the harsher appellation of "crimes and misdemeanors." *Id.* at 668–69, 13 S. Ct. at 228; *see also Trop v. Dulles*, 356 U.S. 86, 96, 78 S. Ct. 590, 595 (1958) ("In deciding whether or not a law is penal, this Court has generally based its determination upon the purpose of the statute. If the statute imposes a disability for the purposes of punishment—that is, to reprimand the wrongdoer, to deter others, etc., it has been considered penal."). The purpose of the Ordinance—which is set forth in the City's Code of Ordinances in "Chapter 12 – Health and Sanitation," "Article VI – Nuisances," and "Division 2. – Cleanliness

6

and Sanitation of Premises"—is to protect the health, safety, and welfare of the community from the problems that arise from an overgrowth of grass and weeds. *See* Grapevine, Tex., Code of Ordinances ch. 12, art. VI, § 12-92 (1979) (defining a nuisance as "[w]hatever is dangerous to human life or health; whatever renders the ground, the water, the air, or any food or drink unwholesome or a hazard to human life and health"). Thus, the Ordinance addresses a wrong to the public at large, which could adversely impact the health, safety, and welfare of the entire community. Also, in addition to the Ordinance's provisions authorizing citations and a statement of costs equal to the cost the City incurs to abate the violation, the City's Code of Ordinances provides that a person who violates the Ordinance is guilty of a misdemeanor and can be fined up to $2,000 in addition to the cost of abatement. *See id.* § 12-98. The Ordinance is penal. *See Holford v. City of Houston*, No. 01-97-00296-CV, 1998 WL 177349, at *1 (Tex. App.—Houston [1st Dist.] Apr. 16, 1998, pet. denied) (op. on reh'g, not designated for publication) (describing Houston's high-grass ordinance as a penal ordinance because a violation was punishable by a fine of $50 to $2,000); *see also Mayer v. State*, No. 05-07-00695-CR, 2007 WL 4112035, at *1–4 (Tex. App.—Dallas Nov. 20, 2007, no pet.) (mem. op., not designated for publication) (following his citation for violating Grand Prairie's high-grass-and-weeds ordinance, appellant challenged the ordinance in his criminal proceeding, arguing that his due process rights were violated by not properly putting him on notice of a violation and by allowing arbitrary enforcement

7

of an unconstitutionally vague ordinance); *McDonald v. State*, 693 S.W.2d 660, 660–62 (Tex. App.—Dallas 1985, no pet.) (following his conviction for violations of McKinney's high-grass-and-weeds ordinance, appellant challenged the ordinance in his criminal proceeding as unconstitutional on the grounds that it was vague and overbroad).

Because the Ordinance is penal, the trial court—a court exercising equitable jurisdiction in a civil suit filed by Azadpour against Appellees—possesses no jurisdiction to render declarations of rights, status, or other legal relationships arising under the Ordinance unless Azadpour established both that the penal Ordinance (1) is unconstitutional and (2) threatens irreparable injury to property rights. *See Morales*, 869 S.W.2d at 942. Azadpour's pleadings do not explain what vested property right of his was threatened with irreparable harm by the Ordinance. Even broadly construing Azadpour's pleadings to allege that he somehow has a vested property right to grow grass on his property taller than six inches, this allegation does not constitute a threat of irreparable injury to a vested property right. *See City of Univ. Park v. Benners*, 485 S.W.2d 773, 778 (Tex. 1972), *abrogated on other grounds by Bd. of Adjustment of City of San Antonio v. Wende*, 92 S.W.3d 424 (Tex. 2002) (explaining property owners do not have a constitutionally-protected, vested right to *use* real property in any certain way without restriction); *Wild Rose Rescue Ranch*, 373 S.W.3d at 217 (holding ordinance's restriction that would prohibit continued use of property as animal shelter did not threaten irreparable injury to property rights because property

8

owners do not acquire vested rights in particular use of property); *Braskey*, 216 S.W.3d at 864 (holding that ordinance's restrictions on use of plaintiff's property as to cat shelter did not constitute threats to vested property rights).

Because Azadpour has failed to plead facts that demonstrate how he would suffer irreparable injury to vested property rights by virtue of the Ordinance, the 236th District Court—exercising equitable jurisdiction in the civil suit filed by Azadpour—lacks subject-matter jurisdiction to issue a declaration as to the rights, status, or other legal relationships arising under the City's penal Ordinance. *See, e.g.*, *Morales*, 869 S.W.2d at 942; *Wild Rose Rescue Ranch*, 373 S.W.3d at 218 (holding that plaintiff was not allowed to replead because its pleadings negated any jurisdiction over declaratory judgment action challenging constitutionality of ordinance where plaintiff did not show that ordinance was not penal or that it would suffer irreparable injury to a vested property right). We hold that the trial court did not err by granting Appellees' plea to the jurisdiction as to the City on Azadpour's declaratory judgment action. *See Wild Rose Rescue Ranch*, 373 S.W.3d at 218 (affirming trial court's order granting plea to jurisdiction on plaintiff's request for declaratory judgment on penal ordinance); *Braskey*, 216 S.W.3d at 864 (vacating trial court's judgment and dismissing case for want of jurisdiction because trial court did not have jurisdiction to hear lawsuit

involving penal ordinance in absence of showing of irreparable injury to vested property right). We overrule Azadpour's first issue.[4]

## V. TRIAL COURT ERRED BY GRANTING APPELLEES' PLEA TO THE JURISDICTION AS TO TIGNOR ON AZADPOUR'S REQUEST FOR AN INJUNCTION AGAINST TIGNOR

With regard to his claim for a permanent injunction against Tignor to prevent him from trespassing on Azadpour's property, Azadpour argues in his second issue that the trial court erred by "accepting Defendants' contention that there is no private civil cause-of-action in the State of Texas for trespass to a private property." The trial court, however, did not reach the merits of any of Azadpour's claims because it decided the case on the Appellees' plea to the jurisdiction. *See Cnty. of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex. 2002) ("In deciding a plea to the jurisdiction, a court may not weigh the claims' merits but must consider only the plaintiffs' pleadings and the evidence pertinent to the jurisdictional inquiry."). Because the trial court granted Appellees' plea to the jurisdiction and dismissed all Appellees from the suit, including Tignor, we broadly construe Azadpour's argument as asserting that the trial court erred by granting Appellees' plea to the jurisdiction on Azadpour's claim against Tignor. *See generally* Tex. R. App. P. 38.9.

---

[4]Azadpour does not challenge the trial court's granting of Appellees' plea to the jurisdiction on his claims for (1) a temporary injunction against Rumbelow to enjoin him and Does 1-49 from enforcing the Ordinance or (2) a writ of mandamus directing Rumbelow to correct the Ordinance. Our disposition of Azadpour's claim for a declaratory judgment on the vagueness of the Ordinance necessarily precludes Azadpour from repleading these two claims.

10

Immunity does not bar a suit for prospective injunctive relief against government actors in their official capacity for violating the law. *Heinrich*, 284 S.W.3d at 373–77. The proper defendant in an *ultra vires* action—in which the plaintiff's complaint is that a state official has "trampled on the plaintiff's rights"— is the state official whose acts or omissions allegedly trampled on the plaintiff's rights, not the state agency itself. *Id.* at 372–73. To fall within this *ultra vires* exception, a suit must not complain of a government officer's exercise of discretion but rather must allege, and ultimately prove, that the officer acted without legal authority or failed to perform a purely ministerial act. *Id.*

Azadpour's second amended petition reflects that he sued Tignor in his individual and official capacities. Azadpour's second amended petition alleges that because the Ordinance provides that a property owner shall be notified of a violation of the Ordinance by mail or may be notified by publication in the city's official newspaper, Tignor acted *ultra vires* by entering onto Azadpour's property and taping the notice on the glass next to Azadpour's front door. Azadpour contends that the Ordinance does not authorize notice by entering the property and taping papers near the door; consequently, Azadpour contends Tignor's entry onto the property was a trespass. Because Azadpour sued Tignor in his official capacity and alleged that Tignor acted *ultra vires* by entering Azadpour's property and by taping the notice near his front door, Azadpour's claim for an injunction prohibiting Tignor from entering Azadpour's property falls within the *ultra vires* exception to governmental immunity that allows a suit against a

11

government actor in his official capacity. We therefore hold that the trial court erred by granting Appellees' plea to the jurisdiction on Azadpour's claim for a permanent injunction against Tignor. *See id.* at 377, 380 (holding that plaintiff sued board members in their official capacities, and thus plaintiff's claims for prospective injunctive relief were not automatically barred by immunity); *cf. Tex. Dep't. Transp. V. Sefzik*, 355 S.W.3d 618, 623 (Tex. 2011) (remanding to allow plaintiff to replead to cure jurisdictional defect by adding a claim against TxDOT officials for improperly denying his permit).[5] We sustain Azadpour's second issue.

### VI. TRIAL COURT DID NOT ERR BY GRANTING APPELLEES' PLEA TO THE JURISDICTION AS TO RUMBELOW ON AZADPOUR'S REQUEST FOR A WRIT OF MANDAMUS REQUIRING RUMBELOW TO MAKE PUBLIC RECORDS AVAILABLE

In his third issue, with regard to his claim for a writ of mandamus directing Rumbelow to make public records available to Azadpour, Azadpour argues that the trial court "erred in accepting Defendants' contention that a request for [a] letter-ruling submitted by a governmental entity to the Texas Attorney General deprives a court-of-competent jurisdiction to hear a private cause of action brought pursuant to the Texas Public Information Act" (TPIA). [Ant's Br. 4] We broadly construe Azadpour's argument as arguing that the trial court erred by granting Appellees' plea to the jurisdiction on his claim against Rumbelow. *See generally* Tex. R. App. P. 38.9.

---

[5] We express no opinion on the underlying merits of Azadpour's trespass claim; we hold only that it is not barred by immunity.

12

The TPIA provides that

> [a] requestor or the attorney general may file suit for a writ of mandamus compelling a governmental body to make information available for public inspection if the governmental body refuses to request an attorney general's decision as provided by Subchapter G or refuses to supply public information that the attorney general has determined is public information that is not excepted from disclosure under Subchapter C.

Tex. Gov't Code Ann. § 552.321(a) (West 2012). The Texas Supreme Court has held that a suit for mandamus under section 552.321(a) should be brought against the public information officer. *A & T Consultants, Inc. v. Sharp*, 904 S.W.2d 668, 681 (Tex. 1995) (orig. proceeding).

Azadpour served a written request for public records on Rumbelow on or about June 28, 2013. On or about July 5, 2013, Azadpour received records responsive to his request; however, the name of the person who had complained about Azadpour's yard had been redacted, and other requested information was not provided. Azadpour filed a complaint in the Open Records Division of the Texas Attorney General's Office, claiming that the redacted or withheld information was not supported with references to any statute providing for the redaction or withholding of such information. By letter dated July 16, 2013, the City requested a letter ruling from the Attorney General on the withheld information; the City copied Azadpour with this letter. Azadpour subsequently filed his second amended petition, in which he added a claim against Rumbelow requesting a writ of mandamus under the TPIA. At that time, the City had already requested the letter ruling from the Attorney General, and Azadpour's

13

brief concedes that Appellees brought this fact to the trial court's attention during the hearing on Appellees' plea to the jurisdiction on August 22, 2013.

Thus, because the City had already complied with the first portion of section 552.321(a) by requesting a letter ruling from the Attorney General, Azadpour's request for a writ of mandamus under the first portion of section 552.321(a)—providing for a writ of mandamus compelling a governmental body to make information available for public inspection if the governmental body refuses to request an Attorney General's decision—was moot at the time that the trial court granted Appellees' plea to the jurisdiction. And Azadpour did not plead that the Attorney General had issued a letter ruling with which the City had not complied; indeed, he could not because no letter ruling had been issued at that time.

We therefore hold that the trial court did not err by dismissing Azadpour's claim for a writ of mandamus against Rumbelow under the TPIA. *See* Tex. Gov't Code Ann. § 522.321(a). We overrule Azadpour's third issue.

## VII. CONCLUSION

Having overruled Azadpour's first and third issues, we affirm the trial court's granting of Appellees' plea to the jurisdiction to the extent that it dismisses the City and Rumbelow from the suit. Having sustained Azadpour's second issue, we reverse the trial court's judgment and remand the case to the trial court for further proceedings on Azadpour's claim for an injunction prohibiting Tignor from entering Azadpour's property.

14

/s/ Sue Walker
SUE WALKER
JUSTICE

PANEL:  GARDNER, WALKER, and MCCOY, JJ.

DELIVERED:  June 5, 2014