**AFFIRMED; Opinion Filed June 11, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-12-01399-CV

### SEARCY FERGUSON AND THE ESTATE OF MARGARET MILLER, Appellants
### V.
### THE PLAZA HEALTH SERVICES AT EDGEMERE, Appellee

**On Appeal from the 44th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-10-13192**

## MEMORANDUM OPINION
Before Justices FitzGerald, Fillmore, and Evans
Opinion by Justice Evans

Appellants Searcy Ferguson and the Estate of Margaret Miller appeal from a judgment in favor of the Plaza Health Services at Edgemere ("Edgemere"). We affirm.

### BACKGROUND

In 2006, Margaret Miller became a resident of Edgemere. Miller's son, Searcy Ferguson, executed the Assisted Living Admission Agreement as the "responsible party." The appellants agreed to pay certain amounts to appellee for Miller's care and treatment. In 2010, Miller entered the skilled nursing resident program at Edgemere. Once again, Ferguson executed the Skilled Nursing Resident Agreement as the "responsible party," and appellants agreed to pay additional amounts to appellee. Section VI.8 of the Skilled Nursing Resident Agreement provides as follows:

The Plaza at Edgemere is a restraint-free community. Restraints of any type will not be used as punishment or as a substitute for more effective medical nursing care or for the convenience of the community staff. Complete Restraint and Seclusion Policy is posted in [the] Texas Department of Aging and Disability Services book located in the third floor library.

In 2010, appellee filed a lawsuit against appellants alleging that they failed to pay the amounts owed to appellee. Appellants filed breach of contract, Deceptive Trade Practices Act, and medical negligence counterclaims against appellee. The trial court dismissed appellants' medical negligence counterclaims with prejudice because appellants failed to timely file a medical expert report.

Prior to trial, appellee filed a motion in limine requesting, among other things, that the trial court prohibit the following:

Any mention of the use of restraints and/or straight jackets [*sic*] on Margaret Miller during her [residence] at Edgemere. These are allegations of medical malpractice, and all such claims have already been dismissed by this Court due to Defendants' failure to file an expert report as required by TEX. CIV. PRAC. & REM. CODE § 74.351.

The trial court granted the motion. Appellants' counsel then made the following "proffer" to the trial court:

And the discussion or administration of the use of restraints and restraint jackets goes to a direct breach of the contract provision which was cited to earlier in these proceedings wherein Mrs. Miller was specifically and contractually under a provision which stated that the Edgemere facility was a no-restraint facility and they would not be used for any purposes for convenience of the staff nor for the administration of discipline or for any other purpose with respect to residents at the Edgemere facility.

In response, the trial court replied as follows:

Again, based on the allegations that are asserted and the testimony that is wanting to be presented in front of the trier of fact, based on the Court's prior rulings and based on the present state of the case that there is no present medical malpractice cause of action pending, the issues as to quality of medical services, rehab, whether they're substandard . . . those are matters that fall within Chapter 74 of the medical malpractice cause of action . . . . And whether or not the restraints were proper in use of Mrs. Miller in her rehab or therapy, again, falls under a

> medical malpractice cause of action which the Court determines is not pending. So, therefore, we're not going to talk about it.

Following a jury trial, the trial court granted appellee's motion for a directed verdict on all of appellants' affirmative defenses and their counterclaim. The jury found in favor of appellee and awarded appellee in $38,565.24 in damages and $83,000 in attorneys' fees. Appellants then filed this appeal.

## ANALYSIS

Appellants argue in their sole issue that the trial court improperly excluded all evidence relating to appellee's use of a straitjacket or restraints on Miller. We disagree.

After the trial court granted appellee's motion in limine, appellants made a "proffer" to the trial court. However, this act alone is insufficient to preserve error. A trial court's grant or denial of a motion in limine does not preserve error. *In re Toyota Motor Sales, U.S.A., Inc.*, 407 S.W.3d 746, 760 (Tex. 2013) (favorable ruling on motion in limine); *In re CH.E.*, 05-97-00055-CV, 1999 WL 498576, at *1 (Tex. App.—Dallas July 15, 1999, no pet.) (not designated for publication) (Moseley, J. concurring) (unfavorable ruling on motion in limine). In order to preserve error once a motion in limine is granted, the party must—during trial—comply with the following: (1) approach the bench and ask for a ruling; (2) formally offer the evidence; and (3) obtain a ruling on the offer. *Malone v. Foster,* 956 S.W.2d 573, 578 (Tex. App.—Dallas 1997) ("To complain on appeal that the trial court erroneously excluded evidence, the appellant must show he attempted to introduce the evidence and obtained an adverse ruling from the judge."), *aff'd*, 977 S.W.2d 562 (Tex. 1998); *BNSF Railway Co. v. Phillips,* No. 02-11-00250-CV, 2014 WL 2131480, at *17 (Tex. App—Ft. Worth May 22, 2014, no pet. h.) (op. on rehg.); *Wild Rose Rescue Ranch v. City of Whitehouse*, 373 S.W.3d 211, 217-18 (Tex. App.—Tyler 2012, no pet.) ("To complain on appeal that the trial court erroneously excluded evidence, [the appellant] must have offered the evidence during trial and obtained an adverse ruling from the trial court."). If,

–3–

at that time, the court rules the evidence inadmissible, the party must further preserve the evidence through an offer of proof. *See Sw. Cnty. Enter., Inc. v. Lucky Lady Oil Co.,* 991 S.W.2d 490, 493–94 (Tex. App—Ft. Worth 1999, pet. denied). An offer of proof requires a party, subsequent to a ruling excluding evidence, to show the substance of evidence excluded. *Id.* at 494.

In this instance, appellants neither offered evidence regarding the use of a straitjacket or restraints during trial nor did they obtain an adverse ruling from the trial court. As appellants have failed to preserve anything for review, we overrule appellants' sole issue.

## CONCLUSION

We resolve appellants' sole issue against them and affirm the trial court's judgment.


121399F.P05


/David Evans/
DAVID EVANS
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

SEARCY FERGUSON AND THE ESTATE
OF MARGARET MILLER, Appellant

No. 05-12-01399-CV      V.

THE PLAZA HEALTH SERVICES AT
EDGEMERE, Appellee

On Appeal from the 44th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-10-13192.
Opinion delivered by Justice Evans.
Justices FitzGerald and Fillmore
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee THE PLAZA HEALTH SERVICES AT EDGEMERE recover its costs of this appeal from appellant SEARCY FERGUSON AND THE ESTATE OF MARGARET MILLER.

Judgment entered this 11th day of June, 2014.

/David Evans/
DAVID EVANS
JUSTICE