**AFFIRMED; Opinion Filed July 10, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-12-01399-CV

**SEARCY FERGUSON AND THE ESTATE OF MARGARET MILLER, Appellants**
**V.**
**THE PLAZA HEALTH SERVICES AT EDGEMERE, Appellee**

**On Appeal from the 44th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-10-13192**

## MEMORANDUM OPINION
Before Justices FitzGerald, Fillmore, and Evans
Opinion by Justice Evans

On our own motion, we withdraw our June 11, 2014 opinion and vacate our judgment of that date. This is now the opinion of the Court.

### BACKGROUND

In 2006, Margaret Miller became a resident of Plaza Health Services at Edgemere ("Edgemere"). Miller's son, Searcy Ferguson, executed the Assisted Living Admission Agreement as the "responsible party." The appellants agreed to pay certain amounts to appellee for Miller's care and treatment. In 2010, Miller entered the skilled nursing resident program at Edgemere. Once again, Ferguson executed the Skilled Nursing Resident Agreement as the "responsible party," and appellants agreed to pay additional amounts to appellee. Section VI.8 of the Skilled Nursing Resident Agreement provides as follows:

The Plaza at Edgemere is a restraint-free community. Restraints of any type will not be used as punishment or as a substitute for more effective medical nursing care or for the convenience of the community staff. Complete Restraint and Seclusion Policy is posted in [the] Texas Department of Aging and Disability Services book located in the third floor library.

In 2010, appellee filed a lawsuit against appellants alleging that they failed to pay the amounts owed to appellee. Appellants filed breach of contract, Deceptive Trade Practices Act, and medical negligence counterclaims against appellee. The trial court dismissed appellants' medical negligence counterclaims with prejudice because appellants failed to timely file a medical expert report.

Prior to trial, Appellee filed a Motion in Limine requesting, among other things, that the trial court prohibit the following:

Any mention of the use of restraints and/or straight jackets [*sic*] on Margaret Miller during her [residence] at Edgemere. These are allegations of medical malpractice, and all such claims have already been dismissed by this Court due to Defendants' failure to file an expert report as required by TEX. CIV. PRAC. & REM. CODE § 74.351.

The trial court granted the motion. Appellants' counsel then made the following "proffer" to the trial court:

And the discussion or administration of the use of restraints and restraint jackets goes to a direct breach of the contract provision which was cited to earlier in these proceedings wherein Mrs. Miller was specifically and contractually under a provision which stated that the Edgemere facility was a no-restraint facility and they would not be used for any purposes for convenience of the staff nor for the administration of discipline or for any other purpose with respect to residents at the Edgemere facility.

In response, the trial court stated:

Again, based on the allegations that are asserted and the testimony that is wanting to be presented in front of the trier of fact, based on the Court's prior rulings and based on the present state of the case that there is no present medical malpractice cause of action pending, the issues as to quality of medical services, rehab, whether they're substandard . . . those are matters that fall within Chapter 74 of the medical malpractice cause of action . . . . And whether or not the restraints were proper in use of Mrs. Miller in her rehab or therapy, again, falls under a

medical malpractice cause of action which the Court determines is not pending. So, therefore, we're not going to talk about it.

The trial court then asked appellee's counsel if he wanted to state anything resulting in this colloquy:

> [Court:] Anything the plaintiff wants to add?
>
> [Appellee's counsel]: No, Your Honor. Just for clarity that would mean that all of the plaintiff's motion in limine items have been granted, correct, Your Honor?
>
> THE COURT: Yes.

Following a jury trial, the trial court granted appellee's motion for a directed verdict on all of appellants' affirmative defenses and their counterclaim. The jury found in favor of appellee and awarded appellee $38,565.24 in damages and $83,000 in attorneys' fees. Appellants then filed this appeal.

## ANALYSIS

Appellants argue in their sole issue that the trial court improperly excluded all evidence relating to appellee's use of a straitjacket or restraints on Miller. We disagree.

### A. Appellants Failed to Preserve Error for Review

After the trial court granted appellee's motion in limine, appellants made a "proffer" to the trial court. However, this act alone is insufficient to preserve error. A trial court's grant or denial of a motion in limine does not preserve error. *In re Toyota Motor Sales, U.S.A., Inc.*, 407 S.W.3d 746, 760 (Tex. 2013) (favorable ruling on motion in limine); *In re CH.E.*, 05-97-00055-CV, 1999 WL 498576 (Tex. App.—Dallas July 15, 1999, no pet.) (unfavorable ruling on motion in limine). In order to preserve error once a motion in limine is granted, the party must—during trial—comply with the following: (1) approach the bench and ask for a ruling; (2) formally offer the evidence; and (3) obtain a ruling on the offer. *BNSF Railway Co. v. Phillips,* No. 02-11--00250-CV, 2013 WL 3947820, *17 (Tex. App—Ft. Worth Aug. 1, 2013, no pet.); *Wild Rose*

–3–

*Rescue Ranch v. City of Whitehouse*, 373 S.W.3d 211, 217-18 (Tex. App.—Tyler 2012, no pet.) ("To complain on appeal that the trial court erroneously excluded evidence, [the appellant] must have offered the evidence during trial and obtained an adverse ruling from the trial court."); *Malone v. Foster,* 956 S.W.2d 573, 578 (Tex. App.—Dallas 1997) ("To complain on appeal that the trial court erroneously excluded evidence, the appellant must show he attempted to introduce the evidence and obtained an adverse ruling from the judge."), *aff'd*, 977 S.W.2d 562 (Tex. 1998). If, at that time, the court rules the evidence inadmissible, the party must further preserve the evidence through an offer of proof. *See Sw. County Enter., Inc. v. Lucky Lady Oil Co.,* 991 S.W.2d 490, 493–94 (Tex. App—Ft. Worth 1999, pet. denied). An offer of proof requires a party, subsequent to a ruling excluding evidence, to show the substance of evidence excluded. *Id.* at 494. In this instance, Appellants neither offered evidence regarding the use of a straightjacket or restraints during trial nor did they obtain an adverse ruling from the trial court. Although appellants made a proffer, they did not ask for admission of the evidence and did not obtain a ruling excluding it. The trial court's ruling pertained to several issues in appellee's motion in limine and after the appellant's proffer the trial court ruled consistent with a limine ruling by stating, "we're not going to talk about it." Appellee's counsel even asked if that meant that all its limine requests in dispute were granted by the trial court, to which the trial court answered, "Yes." Accordingly, appellants have not presented us with a record of having offered the evidence and obtained an exclusionary ruling. Instead, this record merely contains a pretrial ruling on appellee's motion in limine which does not preserve error for our review.

**B.      The Trial Court Did Not Abuse Its Discretion by Excluding Evidence Regarding Restraints**

Were we to reach the merits of appellants' issue that the trial court abused its discretion by excluding evidence regarding Edgemere's use of a straitjacket on Mrs. Miller, we would overrule appellants' issue. Appellants argue that they were attempting to introduce evidence of

the straitjacket to demonstrate a breach of contract counterclaim, not a health care liability claim. We disagree.

> A "health care liability claim" is defined as:

> a cause of action against a health care provider or physician for treatment, lack of treatment, or other claimed departure from accepted standards of medical care, or health care, or safety or professional or administrative services directly related to health care, which proximately results in injury or death of a claimant, whether the claimant's claim or cause of action sounds in tort or contract.

TEX. CIV. PRAC. & REM. CODE ANN. § 74.001(a)(13) (West Supp. 2013). A plaintiff cannot avoid the requirements of chapter 74 by attempting to recast a health care liability claim as a different cause of action through artful pleading—here a breach of contract counterclaim. *See Diversicare Gen. Partner, Inc. v. Rubio*, 185 S.W.3d 842, 848 (Tex. 2005); *Wilson N. Jones Mem'l Hosp. v. Ammons*, 266 S.W.3d 51, 57 (Tex. App.—Dallas 2008, pet. denied).

In this instance, the Skilled Nursing Resident Agreement provides that "[r]estraints of any type will not be used as punishment or as a substitute for more effective medical nursing care or for the convenience of the community staff." The agreement, however, does not provide that restraints would never be used. The agreement simply states that restraints could not be used for convenience, punishment, or as substitute for more effective care. To the extent that a decision had to be made as to whether "more effective medical nursing care" did or did not exist, such a determination would require expert testimony. As noted in *Diversicare,* the general public does not know whether physical restraints, or certain types of medication, or some combination of the two may be medically necessary. *Diversicare*, 185 S.W.3d at 851. As such, the decision of whether or not restraints were necessary involves a "health care" decision. Accordingly, even if we were to conclude that appellants had properly preserved this issue for review, we would conclude that the use of restraints are a medical issue and fall within the ambit of a health care liability claim under section 74 of the Texas Civil Practice and Remedies Code.

Therefore, the trial court properly excluded the evidence regarding straitjackets.  We overrule appellants' sole issue.

## CONCLUSION

We resolve appellants' sole issue against them and affirm the trial court's judgment.


<u>/ David Evans /</u>
DAVID EVANS
JUSTICE


121399F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

SEARCY FERGUSON AND THE ESTATE
OF MARGARET MILLER, Appellants

No. 05-12-01399-CV      V.

THE PLAZA HEALTH SERVICES AT
EDGEMERE, Appellee

On Appeal from the 44th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-10-13192.
Opinion delivered by Justice Evans.
Justices FitzGerald and Fillmore
participating.

On its own motion, the Court withdrew its June 11, 2014 opinion and vacated its prior judgment. This is now the judgment of the Court. In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee THE PLAZA HEALTH SERVICES AT EDGEMERE recover its costs of this appeal from appellants SEARCY FERGUSON AND THE ESTATE OF MARGARET MILLER.

Judgment entered this 10th day of July, 2014.