ACCEPTED
03-14-00644-CV
4195619
THIRD COURT OF APPEALS
AUSTIN, TEXAS
2/18/2015 2:08:16 PM
JEFFREY D. KYLE
CLERK

## NO. 03-14-00644-CV

_____

**IN THE COURT OF APPEALS
THIRD DISTRICT OF TEXAS
AUSTIN, TEXAS**

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS

2/18/2015 2:08:16 PM

JEFFREY D. KYLE
Clerk

_____

**JOSE A. PEREZ,**
*Appellant*,

**v.**

**TEXAS MEDICAL BOARD,** *et al.*,
*Appellees*.

_____

**On Appeal from the 53rd Judicial District Court of Travis County, Texas
No. D-1-GN-14-001172**

_____

**APPELLEES' BRIEF**

_____

**KEN PAXTON**
**Attorney General of Texas**

**CHARLES E. ROY**
**First Assistant Attorney General**

**JAMES E. DAVIS**
**Deputy Attorney General for
Civil Litigation**

**DAVID A. TALBOT, JR.**
**Chief, Administrative Law Division**

**TED A. ROSS**
**Assistant Attorney General
State Bar No. 24008890**

**OFFICE OF THE TEXAS ATTORNEY
GENERAL**
**ADMINISTRATIVE LAW DIVISION**
**P.O. Box 12548**
**Austin, Texas  78711-2548**
**Telephone:  (512) 475-4191**
**Facsimile:   (512) 457-4674**
**Email:  ted.ross@texasattorneygeneral.gov**
*Attorneys for Texas Medical Board and
Mari Robinson*

**ORAL ARGUMENT NOT REQUESTED     February 18, 2015**

# IDENTITY OF PARTIES AND COUNSEL

**Parties to the Trial Court's Order:**

*Defendants /Appellees:* Texas Medical Board; Mari Robinson, in her Official Capacity

*Plaintiff/Appellant:* Jose A. Perez

_____

**Counsel:**

*For Appellees*:

Ted A. Ross
Assistant Attorney General
State Bar No. 24008890
OFFICE OF THE TEXAS ATTORNEY GENERAL
ADMINISTRATIVE LAW DIVISION
P.O. Box 12548
Austin, Texas 78711-2548
Telephone: (512) 475-4191
Facsimile: (512) 457-4674
Email: ted.ross@texasattorneygeneral.gov

*For Appellant, Jose A. Perez, pro se*:

Jose A. Perez, *pro se*
34 Candle Pine Place
The Woodlands, Texas 77381
Email: theaesculapius@gmail.com

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL ........................................................ ii

TABLE OF CONTENTS .................................................................................. iii

INDEX OF AUTHORITIES.............................................................................. v

RECORD AND PARTY REFERENCES .......................................................... viii

STATEMENT OF THE CASE......................................................................... ix

REQUEST FOR ORAL ARGUMENT ............................................................. x

ISSUES PRESENTED FOR REVIEW ............................................................ xi

STATEMENT OF FACTS ............................................................................... 2

SUMMARY OF THE ARGUMENT ............................................................... 4

ARGUMENT ................................................................................................... 6

    I.    THE DISTRICT COURT LACKED JURISDICTION OVER PEREZ'S SUIT FOR JUDICAL REVIEW. .............................................. 6

        Standard of Review Governing Pleas to the Jurisdiction ........................... 6

        A.    Perez failed to meet the statutory prerequisites for judicial review. . 6

    II.    THE DISTRICT COURT LACKED JURISDICTION OVER PEREZ'S CONSTITUTIONAL CLAIMS. ............................................. 11

    III.    THE DISTRICT COURT LACKED JURISDICTION OVER PEREZ'S "INVERSE CONDEMNATION" CLAIM. ........................... 13

    IV.    THE DISTRICT COURT LACKED JURISDICTION OVER PEREZ'S CLAIM FOR VIOLATION OF THE FAIR CREDIT REPORTING ACT............................................................................... 14

V.   THE DISTRICT COURT LACKED JURISDICTION OVER
PEREZ'S CLAIMS AGINST APPELLEE MARI ROBINSON.............15

CONCLUSION AND PRAYER ...............................................................17

CERTIFICATE OF COMPLIANCE.....................................................18

CERTIFICATE OF SERVICE ..............................................................18

# INDEX OF AUTHORITIES

**Cases**

*Berry v. Tex. Democratic Party*, 449 S.W.3d 633 (Tex. App.—
Austin 2014, no pet.) ................................................................... passim

*C.L. Westbrook, Jr. v. Penley*, 231 S.W.3d 389 (Tex. 2007) ....................................6

*City of Dallas v. Stewart*, 361 S.W.3d 562 (Tex. 2012) ...........................................12

*City of DeSoto v. White*, 288 S.W.3d 389 (Tex. 2009)...............................................8

*City of El Paso v. Heinrich*, 284 S.W.3d 366 (Tex. 2009) .............................. 15, 16

*Gilmer Indep. Sch. Dist. v. Dorfman*, 156 S.W.3d 586 (Tex.
App.—Tyler 2003, no pet.) ......................................................................11

*Harris Cnty. v. Sykes*, 136 S.W.3d 635 (Tex. 2004)...................................................6

*Heart Hosp. IV., L.P. v. King*, 116 S.W.3d 831 (Tex. App.—Austin 2003,
pet. denied) .....................................................................................................7

*In re Perez*, No. 03-13-00021-CV, 2013 WL 150274 (Tex. App.—
Austin Jan. 11, 2013, no pet.) ..................................................................4

*Little v. Tex. Bd. of Law Exam'rs*, 334 S.W.3d 860 (Tex. App.—
Austin 2011, no pet.)..............................................................................6, 8

*Perez v. Texas Medical Bd.*, 556 Fed. Appx. 341 (5th Cir. 2014)............................4

*Perez v. Texas Medical Bd.*, Nos. 03-12-00610-CV and 03-12-00715-CV,
2013 WL 1876458 (Tex. App.—Austin May 13, 2013, no pet.) ..........................3

*Prairie View A&M Univ. v. Chatha*, 381 S.W.3d 500 (Tex. 2012)........................7

*Scally v. Tex. State Bd. of Med. Examn'rs*, 351 S.W.3d 434
(Tex. App.—Austin 2011, pet. denied).................................................................13

*Sierra Club. v. Tex. Natural Res. Conservation Comm'n*, 26 S.W.3d 684
(Tex. App—Austin 2000) ..................................................................... 7, 10, 11

*Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440 (Tex. 1993) ................6

*Tex. Comm'n on Envtl. Quality v. Kelsoe*, 286 S.W.3d 91 (Tex. App.—
    Austin 2009, no pet.) ................................................................................12

*Tex. Dep't of Protective and Regulatory Servs. v. Mega Child Care, Inc.*,
    145 S.W.3d 170, 198 (Tex. 2004) ..............................................................7

*Tex. Natural Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849
    (Tex. 2002) ...............................................................................................15

*Tex. Parks & Wildlife Dep't v. Sawyer Trust*, 354 S.W.3d 384 (Tex. 2011) ..........15

*Tex. Workers' Comp. Comm'n v. Patient Advocates of Tex.*,
    136 S.W.3d 643 (Tex. 2004) .....................................................................12

*Thomas v. Long*, 207 S.W.3d 334 (Tex. 2006) .........................................................8

*Westgate, Ltd. v. State*, 843 S.W.2d 448 (Tex. 1992) ..............................................13

## Rules

1 Tex. Admin. Code § 155.501(d) ...............................................................................2

Tex. R. Civ. P. 329b(c) .............................................................................................4

45 C.F.R. § 60.9 ......................................................................................................15

## Statutes

15 U.S.C. § 1681a(d) ..............................................................................................14

42 U.S.C. 11101 ......................................................................................................15

Tex. Civ. Prac. & Rem. Code § 37.001 ...................................................................15

Tex. Gov't Code §§ 2001.051-.062 .........................................................................17

Tex. Gov't Code § 2001.003(7) .................................................................................9

vi

Tex. Gov't Code § 2001.171.................................................................7

Tex. Gov't Code § 2001.174............................................................9, 10

Tex. Gov't Code § 311.034.................................................................7

Tex. Occ. Code §§ 204.001-.353.........................................................8

Tex. Occ. Code § 204.058.............................................................9, 17

Tex. Occ. Code § 204.101..................................................................8

Tex. Occ. Code § 204.102(a).............................................................9

Tex. Occ. Code § 204.151..................................................................8

Tex. Occ. Code § 204.201..................................................................8

Tex. Occ. Code § 204.251.............................................................8, 17

Tex. Occ. Code § 204.301..................................................................9

## RECORD AND PARTY REFERENCES

References to the clerk's record will be "CR _____."

References to the supplemental clerk's record will be "Supp. CR _____."

Appellees, the Texas Medical Board and Mari Robinson, will be collectively referred to as the "TMB" unless otherwise specified.

Appellant, Jose A. Perez, will be referred to as "Perez."

## STATEMENT OF THE CASE

*See* the TMB's Statement of Facts and Statement of Facts below.

## STATEMENT REGARDING ORAL ARGUMENT

The TMB believes that the facts in this appeal are not disputed and that the applicable law is straightforward. The TMB therefore does not believe that oral argument would assist the Court on the factual and legal issues involved in this appeal.

# ISSUES PRESENTED FOR REVIEW

### I.

Whether the district court had subject matter jurisdiction over Perez's suit for judicial review of the PAB revocation order, given that he failed to sue the state agency that revoked his license.

### II.

Whether the district court had subject matter jurisdiction over Perez's constitutional claims.

### III.

Whether the district court had subject matter jurisdiction over Perez's "inverse condemnation" claim.

### IV.

Whether the district court had subject matter jurisdiction over Perez's claim under the federal Fair Credit Reporting Act.

### V.

Whether the district court had subject matter jurisdiction over any claim Perez may deem to have asserted over Appellee Mari Robinson in her capacity as Executive Director of the PAB.

## NO. 03-14-00644-CV

_____

**IN THE COURT OF APPEALS
THIRD DISTRICT OF TEXAS
AUSTIN, TEXAS**

_____

**JOSE A. PEREZ,**
*Appellant*,
**v.**

**TEXAS MEDICAL BOARD,** *et al.*,
*Appellees*.

_____

**On Appeal from the 53rd Judicial District Court of Travis County, Texas
No. D-1-GN-14-001172**

_____

**APPELLEES' BRIEF**

_____

TO THE HONORABLE JUSTICES OF THE THIRD COURT OF APPEALS:

Appellees, the Texas Medical Board, and Mari Robinson, in her Official Capacity (collectively "TMB"), by and through the Office of the Attorney General of Texas and the undersigned Assistant Attorney General, submits the following brief in the captioned interlocutory appeal.

1

**STATEMENT OF FACTS AND STATEMENT OF THE CASE**

The "Statement of Facts" in the brief filed by Appellant *pro se*, Jose A. Perez ("Perez"), contains statements which are unsupported and irrelevant to the issue in this appeal. The TMB therefore proffers the following statement of facts and statement of the case.

Perez was a licensed physician until his license was revoked by the PAB on March 7, 2014. Supp. CR 70-73 ("Order"). The underlying PAB proceeding arose when a patient filed a complaint alleging that Perez (1) inappropriately responded by making rude and dismissing comments to the patient; (2) improperly terminated the examination and care of the patient without referral to either his supervising physician or another healthcare provider; and (3) failed to document the patient's complaint, the parts of the examination that Perez had completed or his termination of the patient due to his interaction with the patient. Supp. CR 70-71, ¶ 4.

Perez filed an answer to the complaint, but he otherwise steadfastly refused to appear and defend himself in the proceeding, including refusing to appear at the contested case hearing at the State Office of Administrative Hearings ("SOAH"). Supp. CR 71 ¶ 7-8. The administrative law judge therefore issued an order dismissing the case on a default basis pursuant to 1 Tex. Admin. Code § 155.501(d). The file was returned to the PAB for informal disposition on a default basis. Supp. CR 71, ¶ 9. The PAB subsequently issued the Order, which adopted the allegations

2

in the complaint and revoked Perez's license based on unprofessional or dishonorable conduct and failure to maintain adequate medical records. Supp. CR 72-73. The PAB also based its revocation decision on the aggravating factors of intentional, premeditated, knowing acts constituting violations. Supp. CR 73, ¶ B.

After the Order became final, Perez sued the TMB, *not the PAB*, by filing a "Petition to Quash an Administrative Order and Inverse Condemnation and Takings Claim and Memorandum of Law in Support" ("Petition"). CR 3-51. He appears to seek judicial review of the Order in his "Causes of Action" "a" through "t" of the Petition. CR 17-45. He asserts various reasons as to why the Order should be set aside. His also asserted constitutional claims as well as claims based on "inverse condemnation" and violation of the federal Fair Credit Reporting Act ("FCRA"). CR 45-50. Perez also sued Mari Robinson, the TMB's Executive Director, alleging only that "[t]he vested rights identified herein are well known to (her)" and that "she acted without legal authority and had a ministerial duty to abstain from transgressing upon the same." CR 17.[1]

---

[1] Mr. Perez is no stranger to frivolous litigation. Instead of acknowledging the jurisdiction of the PAB and defending himself in the disciplinary proceeding which lead to the revocation of his license, Mr. Perez and his wife Nancy C. Perez (Mrs. Perez) sued the TMB and its Executive Director in a series of state and federal court proceedings spanning a period of over two and a half years. They first sued in Travis County District Court, where they claimed that the entire regulatory scheme governing physicians and physician assistants—which had been in place for decades—is unconstitutional. The district court (Judge Jenkins presiding) granted summary judgment in favor of the TMB, the PAB, and Ms. Robinson on all of the Perezes' claims. The Perezes then filed an appeal of the district court's ruling in the Third Court of Appeals. Their appeal was dismissed because they failed to file a brief. *Perez v. Texas Medical Bd.*, Nos. 03-12-00610-CV and 03-12-00715-CV, 2013 WL 1876458 (Tex. App.—Austin May 13, 2013, no pet.)

3

The TMB filed a Plea to the Jurisdiction, Original Answer and General Denial, and Affirmative Defenses on May 23, 2014. CR 52-55. The district court then issued an order stating that it would consider the plea on submission, and issued a briefing schedule. CR 61-62. The TMB then filed a First Amended Plea to the Jurisdiction ("PTJ") on August 8, 2014. CR 63-66. After Perez filed a response, the district court granted the plea through its order dated September 5, 2014. CR 91. The Court entered a final judgment dismissing all of Perez's claims with prejudice on September 18, 2014. CR 141. On October 6, 2014, Perez filed a motion for new trial which was overruled by operation of law. CR 142-70; Tex. R. Civ. P. 329b(c). He filed a notice of appeal on the same date. CR 171-72.

## SUMMARY OF THE ARGUMENT

It is undisputed that Perez did not sue the state agency that revoked his license. The requirement to sue the agency with jurisdiction over a licensee is a statutory prerequisite for judicial review. In addition, Perez failed to invoke the district court's

---

(mem. op.). They also unsuccessfully sought mandamus relief in this Court, seeking to enjoin Mr. Perez's ongoing disciplinary proceeding at the PAB. *In re Perez*, No. 03-13-00021-CV, 2013 WL 150274 (Tex. App.—Austin Jan. 11, 2013, no pet.) (mem. op.). Continuing his refusal to recognize the PAB's jurisdiction over its licensee, Mr. Perez and his wife also sued the TMB and Ms. Robinson in federal court in Austin, asserting many of the same claims that were rejected. Judge Sparks issued two orders dismissing the various complaints filed by the Perezes, wherein he squarely rejected all of their claims. After a motion for new trial, the Perezes appealed the federal court's final judgment to the Fifth Circuit Court of Appeals, again unsuccessfully. *Perez v. Texas Medical Bd.*, 556 Fed. Appx. 341 (5th Cir. 2014).

4

jurisdiction over his constitutional claims, since such claims are also part of the statutory prerequisites for judicial review.

The district court also lacked subject matter jurisdiction over Perez's "inverse condemnation" claim. A professional license is not "real property" which could be subject to an inverse condemnation claim. Also, the revocation of a professional license is not a "physical appropriation or invasion."

Perez's claim under the federal Fair Credit Reporting Act also fails for lack of subject matter jurisdiction. The FCRA clearly does not apply to any report by the TMB or the PAB to the National Practitioner Data Bank ("NPDB").

Finally, Perez also failed to invoke the district court's subject matter jurisdiction over any claim he may have stated against Ms. Robinson in her capacity as the Executive Director of the PAB, including any claim under the Uniform Declaratory Judgment Act. He did not, and cannot, plead any ultra vires act on her part, since any actions on the part of any state official regarding license revocation proceedings are discretionary and not ministerial.

For the foregoing reasons, to be discussed more fully below, the district court's final judgment granting Appellees' plea to the jurisdiction and dismissing Perez's claims with prejudice was proper.

**ARGUMENT**

## I.    THE DISTRICT COURT LACKED JURISDICTION OVER PEREZ'S SUIT FOR JUDICAL REVIEW.

Standard of Review Governing Pleas to the Jurisdiction

A plea to the jurisdiction is a dilatory plea that seeks dismissal of a case for lack of subject-matter jurisdiction. *Little v. Tex. Bd. of Law Exam'rs*, 334 S.W.3d 860, 862 (Tex. App.—Austin 2011, no pet.), citing *Harris Cnty. v. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004). An appellate court reviews a trial court's ruling on a plea to the jurisdiction de novo. *Id.; C.L. Westbrook, Jr. v. Penley*, 231 S.W.3d 389, 394 (Tex. 2007).

### A.    Perez failed to meet the statutory prerequisites for judicial review.

It is well-settled law that the state, as a governmental entity, "generally enjoys immunity from suit and liability unless immunity has been clearly waived by legislative enactment or constitutional provision." *Berry v. Tex. Democratic Party*, 449 S.W.3d 633, 639 (Tex. App.—Austin 2014, no pet.). "Whether sovereign immunity has been waived implicates subject matter jurisdiction" and, at the same time, "[s]ubject matter jurisdiction is essential to the authority of a court to decide a case; it is never presumed and cannot be waived." *Id.  See also Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 444 (Tex. 1993).

Section 2001.171 of the Texas Administrative Procedure Act ("APA"), which provides that an aggrieved party may seek judicial review of a final decision in a

6

contested case, is a limited waiver sovereign immunity for the purpose of suits for judicial review. Tex. Gov't Code § 2001.171; *Tex. Dep't of Protective and Regulatory Servs. v. Mega Child Care, Inc.*, 145 S.W.3d 170, 198 (Tex. 2004).

However, an aggrieved party must still satisfy statutory prerequisites for judicial review in order for a district court to have subject matter jurisdiction. "When the legislature 'carves out particular substantive claims for which the State will consent to suit,' it may also provide 'the procedures a litigant must follow to obtain such a waiver.'" *Berry*, 449 S.W.3d at 639, quoting *Prairie View A&M Univ. v. Chatha*, 381 S.W.3d 500, 513 (Tex. 2012). These "statutory prerequisites to suit" are jurisdictional requirements in all suits against a governmental entity. Tex. Gov't Code § 311.034. *See also Berry*, 449 S.W.3d at 640. A statutory prerequisite to judicial review is one that "defines, enlarges, [or] restricts the class of causes the court may decide or the relief the court may award." *Sierra Club. v. Tex. Natural Res. Conservation Comm'n*, 26 S.W.3d 684, 688 (Tex. App—Austin 2000), *aff'd*, 70 S.W.3d 809 (Tex. 2002). Jurisdictional statutory requirements include those matters that are "traditionally and undoubtedly elements of subject-matter jurisdiction." *Heart Hosp. IV., L.P. v. King*, 116 S.W.3d 831, 834 (Tex. App.—Austin 2003, pet. denied). As this Court held in *Berry*, "a statutory prerequisite to suit has three defining characteristics: (1) it is found in the relevant statutory language, (2) it is a requirement, and (3) the requirement must be met before the

7

lawsuit is filed." 449 S.W.3d at 639. A party's failure to comply with a jurisdictional requirement "deprives the trial court of the power to act, other than to determine that it lacks jurisdiction." *Little*, 334 S.W.3d at 862. *See also City of DeSoto v. White*, 288 S.W.3d 389, 393 (Tex. 2009).

Part of the statutory prerequisites for review in a substantial evidence appeal is that the aggrieved party must sue the correct agency, that is, the agency that took the action from which the party seeks relief. In this case, that agency is the PAB, not the agency Perez actually sued (the TMB). This is demonstrated in the *separate* statutory scheme under which the legislature granted the PAB the initial jurisdiction over physician assistant licensing issues (including disciplinary proceedings). *See Thomas v. Long*, 207 S.W.3d 334, 340 (Tex. 2006) (determining exclusive jurisdiction requires examination and construction of the relevant statutory scheme). The relevant statutory scheme is contained in the Texas Physician Assistant Licensing Act ("PALA"), which contains several provisions that make it clear that the Legislature in fact granted the PAB exclusive jurisdiction to decide the matters in this lawsuit. Tex. Occ. Code §§ 204.001-.353. *See, e.g.,* Tex. Occ. Code § 204.101 (powers and duties of the PAB); § 204.151, et seq. (PAB exclusively responsible for issuing licenses to physician assistants); § 204.201, et seq. (PAB exclusively responsible for regulating the practices of licenses physician assistants); § 204.251, et seq. (PAB exclusively responsible for complaints and investigations

8

related to licensed physician assistants); § 204.301, et seq. (PAB exclusively responsible for the discipline of licensed physician assistants). The PALA also specifically provides that the PAB is subject to the APA. Tex. Occ. Code § 204.058.[2]

Given that the PAB, not the TMB, has the exclusive jurisdiction to revoke Perez's license, the question becomes whether he was required to sue the correct agency with jurisdiction over him in order to satisfy the jurisdictional prerequisites for judicial review. The answer is yes. Section 2001.174 of the APA provides in part:

> If the law authorizes review of a decision in a contested case under the substantial evidence rule or if the law does not define the scope of judicial review, a court may not substitute its judgment for the judgment *of the state agency* on the weight of the evidence on questions committed to agency discretion but:
>
> (1) may affirm *the agency* decision in whole or in part;

Tex. Gov't Code § 2001.174 (emphasis added).

Implicit in § 2001.174 is a requirement that the person must sue the actual "state agency" that issued the order for judicial review is sought. The APA defines "state agency" as a ". . . board . . . with statewide jurisdiction that makes rules or determines contested cases." Tex. Gov't Code § 2001.003(7). There is no question that the PAB, not the TMB, is the agency which determines contested case involving

---

[2] Under the PALA, the TMB is required to adopt rules to regulate physician assistants and physicians who regulate them. Tex. Occ. Code § 204.102(a). However, that provision does not implicate or restrict the PAB's jurisdiction over PAs.

9

physician assistants. Thus, the requirement to sue the PAB as the agency with statewide jurisdiction (1) "is found in the relevant statutory language," (2) is indeed "a requirement," and (3) the requirement must be met before the lawsuit is filed." *Berry*, 449 S.W.3d at 639. In addition, the requirement in fact "defines, enlarges, [or] restricts the class of causes the court may decide or the relief the court may award." *Sierra Club*, 26 S.W.3d at 688. Section 2001.174's requirement to sue the correct agency does in fact define and restrict the class of causes a district court may decide, since a district court simply has no power to adjudicate suits for judicial review when the aggrieved party does not sue the agency with statewide jurisdiction within thirty days of the date the order becomes final. The facts of this case are no different than if Perez had sued the Veterinary Board or the Dental Board.

Perez's reliance on *Sierra Club* for the proposition that suing the correct agency is not a jurisdictional prerequisite is misplaced. Perez. Br. at 38. In that case, the Sierra Club and other parties sued the (then-named) Texas Natural Resource Conservation Commission ("TNRCC") in a suit for judicial review of a final TNRCC order. 26 S.W. 3d at 684. The issue in the case was not whether an agency with jurisdiction had been sued (the plaintiffs in fact did sue the TNRCC), but instead whether the APA's requirements that an administrative record must be filed with the clerk of the court and a citation be served on other parties were in fact jurisdictional. 26 S.W.3d at 688. The court reasoned that the latter requirements did not define,

10

enlarge or restrict the class of causes the court may decide or the relief it may award. *Id.* In this case, by contrast, Perez didn't even sue the correct agency in the first place. The requirement to invoke the district court's jurisdiction over the agency with statewide jurisdiction is a far cry from the post-filing procedural requirements in *Sierra Club*.

This case is analogous to *Gilmer Indep. Sch. Dist. v. Dorfman*, 156 S.W.3d 586 (Tex. App.—Tyler 2003, no pet.). There, the court held that the failure to join the Commissioner of Education was a jurisdictional defect. 156 S.W.3d at 588. The Commissioner was the person with authority to enforce a statute which was alleged to be unconstitutional, and was therefore an indispensable party. *Id.* The plaintiff's failure to join him as a party defendant therefore deprived the court of subject matter jurisdiction. *Id.* As such, the issue was not one of a defect in parties. Similarly, in this case, Mr. Perez failed to name the PAB as the exclusive agency with jurisdiction to enforce the Act, including the exclusive jurisdiction to issue and revoke the licenses of physician assistants.

Because Mr. Perez failed to satisfy a statutory prerequisite for judicial review, the district court's grant of the plea to the jurisdiction should be affirmed.

## II. THE DISTRICT COURT LACKED JURISDICTION OVER PEREZ'S CONSTITUTIONAL CLAIMS.

Perez joined a number of federal and state constitutional claims with his suit for judicial review which, as shown above, failed to satisfy a jurisdictional

11

prerequisite for filing. CR 12, ¶ 34. Both this Court and the Texas Supreme Court have held that constitutional claims are part of the statutory prerequisites for judicial review. In *Tex. Comm'n on Envtl. Quality v. Kelsoe*, 286 S.W.3d 91 (Tex. App.—Austin 2009, no pet.), Kelsoe, an applicant who had been denied a landfill permit, filed a suit for judicial review beyond the thirty-day period provided for in rules adopted by the Texas Commission on Environmental Quality. 286 S.W.3d at 97. The court determined that the suit was untimely and did not invoke the trial court's jurisdiction. *Id.* Kelsoe nevertheless argued that his suit was timely because he asserted constitutional claims. *Id.* This court rejected that argument:

> The supreme court has said, "It is well recognized under Texas law that there is no right to judicial review of an administrative order unless a statute provides a right or unless the order adversely affects a vested property right or otherwise violates a constitutional right." *Id. This does not mean, however, that when a statute does provide a right to judicial review, a person raising a constitutional claim need not comply with the statute's requirements. See, e.g., Tex. Workers' Comp. Comm'n v. Patient Advocates of Tex.*, 136 S.W.3d 643, 658–59 (Tex. 2004) ("[d]ue process ... requires notice and an opportunity to be heard at a meaningful time and in a meaningful manner," but even constitutional claims must be brought within time and procedures set out in statutes allowing for judicial review) . . .

286 S.W.3d at 97 (emphasis added). *See also City of Dallas v. Stewart*, 361 S.W.3d 562, 580 (Tex. 2012) (citing *Kelsoe's* holding that a party making a constitutional claim must nonetheless comply with statutory prerequisites for judicial review).

Because Perez's constitutional claims are part of the statutory prerequisites for judicial review, the district court lacked subject matter jurisdiction over those claims as well.

## III. THE DISTRICT COURT LACKED JURISDICTION OVER PEREZ'S "INVERSE CONDEMNATION" CLAIM.

Perez also attempted to assert an "inverse condemnation" claim against the TMB. CR 45. It is apparent on the face of his petition that the district court lacked jurisdiction over that claim.

Under Texas law, an inverse condemnation claim is a taking, damage, or destruction resulting from a physical appropriation or invasion of property, or unreasonable interference with a landowner's right to use and enjoy the property. *Westgate, Ltd. v. State*, 843 S.W.2d 448, 452 (Tex. 1992). A professional license is certainly not real property which could be subject to an inverse condemnation claim. The revocation of a professional license is obviously not a "physical appropriation or invasion." Moreover, while a professional license is a property right, "it is one that has been created by statute and is subject to the state's power to impose conditions upon the granting or revocation of the license for the protection of society." *Scally v. Tex. State Bd. of Med. Examn'rs*, 351 S.W.3d 434, 446 (Tex. App.—Austin 2011, pet. denied).

Furthermore, any claim for monetary damages based on "inverse condemnation" would be barred by sovereign immunity. *Berry*, 449 S.W.3d at 639.

13

There is no clear waiver by any legislative enactment or constitutional provision with respect to such a claim.

Perez has failed to assert a legally-cognizable claim for "inverse condemnation, and the district court therefore lacked jurisdiction over that claim as well.

**IV. THE DISTRICT COURT LACKED JURISDICTION OVER PEREZ'S CLAIM FOR VIOLATION OF THE FAIR CREDIT REPORTING ACT.**

Perez's claim under the Fair Credit Reporting Act ("FCRA") also fails.  CR 49.  The FCRA clearly does not apply to any report by the TMB or the PAB to the National Practitioner Data Bank ("NPDB").  *See* CR 49-50.  Subchapter III of the FCRA applies to credit reporting agencies and defines a "consumer report" as:

> The term "consumer report" means any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for--
> (A)    credit or insurance to be used primarily for personal, family, or household purposes;
> (B)    employment purposes; or
> (C)    any other purpose authorized under section 1681b of this title.

15 U.S.C. § 1681a(d) (emphasis added).

The FCRA clearly has nothing to do with reporting the status of professional licensees to the NPDP.  That reporting is intended to protect the public from the

14

unlicensed practice by professionals such as Mr. Perez. 42 U.S.C. 11101. Moreover, the requirement to report Perez's license revocation to the NPDP is mandatory. 45 C.F.R. § 60.9.

In addition, any claim for monetary damages based on an alleged violation of the FCRA would be barred by sovereign immunity. *Berry*, 449 S.W.3d at 639. As with the "inverse condemnation" claim, there is no clear waiver by any legislative enactment or constitutional provision with respect to such a claim.

The district court lacked subject jurisdiction over Mr. Perez's FCRA claim as well.

## V. THE DISTRICT COURT LACKED JURISDICTION OVER PEREZ'S CLAIMS AGINST APPELLEE MARI ROBINSON.

Perez attempts to assert a claim under the named the Uniform Declaratory Judgment Act ("UDJA"). Tex. Civ. Prac. & Rem. Code §§ 37.001, *et seq.* CR 13.

It is well established law that the UDJA "is not a general waiver of sovereign immunity. *Tex. Parks & Wildlife Dep't v. Sawyer Trust*, 354 S.W.3d 384, 388 (Tex. 2011). The UDJA also "does not enlarge a trial court's jurisdiction, and a litigant's request for declaratory relief does not alter a suit's underlying nature." *City of El Paso v. Heinrich*, 284 S.W.3d 366, 370 (Tex. 2009). Furthermore, "[p]rivate parties cannot circumvent the State's sovereign immunity from suit by characterizing a suit for money damages . . . as a declaratory judgment claim." *Id.* at 371 (quoting *Tex. Natural Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 856 (Tex. 2002).

15

In what appears to be an attempt to assert a UDJA claim, Perez sued the *TMB's* Executive Director, Mari Robinson, as a party defendant. CR 12, ¶ 32. He did not sue her in her capacity as the Executive Director of the PAB. Moreover, the only allegation in his petition pertaining to Ms. Robinson is his claim that "[t]he vested rights identified herein are well known to (her)" and that "she acted without legal authority and had a ministerial duty to abstain from transgressing upon the same." CR 111. This allegation does not plead a cognizable ultra vires claim against Ms. Robinson. Aside from the fact that Perez did not sue Ms. Robinson in her capacity as the Executive Director of the PAB, the allegations claims in his petition fail to describe what acts on her part were in fact ultra vires. A broad, general claim that "she acted without legal authority" and had a "ministerial duty" to abstain from transgressing on vested rights is insufficient.

Even if Perez is deemed to have pled an ultra vires claim against Ms. Robinson, it still fails. It is well-settled law that, in order for a court to have jurisdiction over an ultra vires claim, "a suit must not complain of a government officer's exercise of discretion but rather must allege, and ultimately prove, that the officer acted without legal authority or failed to perform a purely ministerial act." *Heinrich*, 284 S.W.3d at 372. Even if one could ignore the fact that Perez did not sue Ms. Robinson in her capacity as Executive Director of the PAB, it remains that any decision by her, any PAB board member, or any other PAB official to revoke

16

Perez's license is clearly discretionary in nature. PAB license revocation proceedings begin with complaints and initial investigations, and can continue all the way through contested case proceedings at SOAH. *See, e.g.,* Tex. Occ. Code §§ 204.058; .251; Tex. Gov't Code §§ 2001.051-.062. Revocation proceedings by their very nature involve contested facts and discretionary decisions on the part of agency staff and board members. There is nothing about Perez's proceeding that involved a "purely ministerial act." Perez has clearly failed to invoke the district court's jurisdiction over any UDJA or ultra vires claim.

## CONCLUSION AND PRAYER

For the foregoing reasons, the TMB respectfully requests that this Court affirm the district court's final judgment granting TMB's Plea to the Jurisdiction.

Dated: February 18, 2015

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

CHARLES E. ROY
First Assistant Attorney General

JAMES E. DAVIS
Deputy Attorney General for Civil Litigation

DAVID A. TALBOT, JR.
Division Chief, Administrative Law Division

17

/s/ Ted A. Ross
Ted A. Ross
Assistant Attorney General
State Bar No. 24008890
OFFICE OF THE TEXAS ATTORNEY GENERAL
ADMINISTRATIVE LAW DIVISION
P. O. Box 12548
Austin, Texas 78711-2548
Telephone: (512) 475-4191
Facsimile: (512) 457-4674
Email: ted.ross@texasattorneygeneral.gov
*Attorneys for Appellees Texas Medical Board and Mari Robinson*

## CERTIFICATE OF COMPLIANCE

I hereby certify compliance with Texas Rules of Appellate Procedure 9 and that there are 4,062 words in this document. Microsoft Word was used to prepare this filing and calculate the number of words in it.

/s/ Ted A. Ross
Ted A. Ross
Assistant Attorney General

## CERTIFICATE OF SERVICE

I hereby certify that, in compliance with Rule 9.5 of the Texas Rules of Appellate Procedure, a true and correct copy of the above and foregoing document has been served on the following on this the **18th day of February 2015:**

Jose A. Perez, *pro se*                    *Via: Electronic Mail and*
34 Candle Pine Place                      *CMRRR #7006 2150 0005 6812 6335*
The Woodlands, Texas 77381
Email: theaesculapius@gmail.com

/s/ Ted A. Ross
Ted A. Ross
Assistant Attorney General

18