# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-50663
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 21, 2014

Lyle W. Cayce
Clerk

JOSE A. PEREZ; NANCY C. PEREZ,

                        Plaintiffs-Appellants,

v.

TEXAS MEDICAL BOARD; MARI ROBINSON,

                        Defendants-Appellees.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:13-CV-00152-SS

Before KING, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:*

*Pro se* appellants are Jose Perez, a Texas licensed physician assistant, and Nancy Perez, his wife. Appellants seek to enjoin the Texas Medical Board (TMB) from filing causes of action against them in response to a patient's complaint against Mr. Perez submitted to the Texas Physician Assistant Board (PAB). The PAB investigated the complaint and filed a formal complaint against Mr. Perez at the State Office of Administrative Hearings (SOAH). Mr. Perez refused to cooperate in the investigation and he failed to attend an

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-50663

informal settlement conference. After the informal settlement conference, the matter was referred to SOAH for a contested case proceeding. Mr. Perez failed to appear at a hearing on the merits at SOAH and the administrative law judge dismissed the proceeding from SOAH's docket on a default basis. The file was returned to the TMB for disposition but the PAB has not taken up Mr. Perez's matter and his disciplinary proceeding is still pending. Appellants brought suit in district court and the district court dismissed the suit pursuant to the *Younger* abstention doctrine. We AFFIRM.

## I.

This court reviews *de novo* the grant of a Federal Rule of Civil Procedure 12(b)(1) motion to dismiss for lack of subject matter jurisdiction. *Life Partners Inc. v. United States*, 650 F.3d 1026, 1029 (5th Cir. 2011). The party asserting jurisdiction bears the burden of proof on a 12(b)(1) motion to dismiss. *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 762 (5th Cir. 2011). We take as true all of the allegations of the complaint and the facts set out by the plaintiff. *Ass'n of Am. Physicians & Surgeons, Inc. v. Tex. Med. Bd.*, 627 F.3d 547, 553 (5th Cir. 2010). The dismissal will not be affirmed "unless it appears certain that the plaintiff[s] cannot prove any set of facts in support of [their] claim which would entitle [them] to relief." *Hobbs v. Hawkins*, 968 F.2d 471, 475 (5th Cir. 1992) (alterations in original) (internal quotation marks omitted).

TMB argues that the *Younger* abstention doctrine bars this suit, and we agree. *See Younger v. Harris*, 401 U.S. 37 (1971). *Younger* abstention applies when three criteria are met: "(1) the dispute should involve an 'ongoing state judicial proceeding;' (2) the state must have an important interest in regulating the subject matter of the claim; and (3) there should be an 'adequate opportunity in the state proceedings to raise constitutional challenges.'" *Wightman v. Tex. Supreme Court*, 84 F.3d 188, 189 (5th Cir. 1996). Each of these criteria is met in this case.

No. 13-50663

First, there is an ongoing state judicial proceeding. The matter was dismissed by the SOAH administrative law judge pursuant to Texas Administrative Code § 155.501(d) and Texas Government Code § 2001.056, which allow for a dismissal of an administrative proceeding on a default basis. The matter is then returned to the referring agency for informal disposition on a default basis in accordance with Texas Government Code § 2001.056. The PAB has not yet taken up Mr. Perez's matter and his disciplinary proceeding is still pending there. The Supreme Court has expanded the *Younger* doctrine to encompass state administrative proceedings. *See Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). Second, as the district court noted, the State of Texas has a strong interest in protecting the public through the regulation and oversight of those practicing medicine in the state. *See* Tex. Occ. Code § 151.003 ("[T]he practice of medicine is a privilege and not a natural right of individuals and as a matter of public policy it is necessary to protect the public interest through enactment of this subtitle."). Third, Appellants can raise constitutional challenges in the state courts. Texas law provides for judicial review of the administrative decision in the state courts. Tex. Gov't Code. § 200.171. The *Younger* abstention therefore applies.

We AFFIRM the district court. Appellees' Motion to Dismiss Appeal as Frivolous is MOOT.

3