# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-14-00644-CV

Jose A. Perez, Appellant

v.

Texas Medical Board and Mari Robinson, JD, in her Official Capacity, Appellees

FROM THE DISTRICT COURT OF TRAVIS COUNTY, 53RD JUDICIAL DISTRICT
NO. D-1-GN-14-001172, HONORABLE DARLENE BYRNE, JUDGE PRESIDING

## MEMORANDUM OPINION

Jose A. Perez has appealed a final judgment dismissing, for want of subject-matter jurisdiction, a suit he had filed against the Texas Medical Board (TMB) and its executive director, in her official capacity (collectively, appellees). We will affirm the judgment.

Perez has represented himself throughout these proceedings, and the precise nature of his contentions are sometimes difficult to decipher.[1] However, the primary substantive thrust of his lawsuit—whose live pleadings were styled "Petition to Quash an Administrative Order and Inverse Condemnation and Takings Claim"—was to seek judicial review of a final administrative order, in a contested case, that had revoked Perez's license as a physician assistant, a remedy that would potentially be available to him under Subchapter G of the Administrative Procedure Act

---

[1] While we have endeavored to construe Perez's pleadings and arguments with patience and fairness, we are ultimately required to apply the same substantive and procedural standards to him as we do litigants represented by counsel, lest we afford him an unfair advantage merely because he is pro se. *See Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978).

(APA).[2] In response to Perez's suit, appellees filed a plea to the jurisdiction with an attached copy of the administrative order of which Perez complains. The order reflects that it was issued not by the TMB, the agency he sued, but by the *Texas Physician Assistant Board* (TPAB),[3] the agency to which the Legislature has delegated exclusive authority to license and discipline physician assistants in this State.[4] Accordingly, appellees urged that Perez had incurably failed to invoke the district court's subject-matter jurisdiction via APA Subchapter G, as he had not sued the state agency (TPAB) whose order Perez was seeking to challenge.[5] In response, Perez stood on his pleadings, insisting

---

[2] *See* Tex. Gov't Code § 2001.171 ("A person who has exhausted all administrative remedies available within a state agency and who is aggrieved by a final decision in a contested case is entitled to judicial review under this chapter."); *see generally id.* §§ 2001.171–.178 (Subchapter G).

[3] The order further reflects that the TPAB had initiated the proceeding based on allegations that Perez had made "rude" and dismissive remarks to a patient who had sought medical attention, that Perez had failed to refer the patient to his supervising physician or another health-care provider, and that he had failed to document the patient's visit adequately. Thereafter, according to the order, Perez had failed or refused to participate in the administrative process, including failing to appear at the contested-case hearing that preceded the order.

Appellees also presented court documents reflecting that Perez, in lieu of participating in the administrative process, had filed a succession of state and federal lawsuits attempting to challenge—ultimately, without success—the State's legal authority to restrict or regulate his "common law right" to practice "medicine" and restrain the administrative proceedings against him. *See Perez v. Texas Med. Bd.*, No. 03-12-00061-CV, No. 03-12-00715-CV, 2013 Tex. App. LEXIS 5474 (Tex. App.—Austin May 3, 2013, no pet.) (mem. op.) (dismissing, for want of prosecution, appeal of take-nothing summary judgment); *In re Perez*, No. 03-13-00021-CV, 2013 Tex. App. LEXIS 279 (Tex. App.—Austin Jan. 11, 2013, orig. proceeding) (denying mandamus relief); *Perez v. Texas Med. Bd.*, No. A-13-CA-152-SS, slip op. at 3 (W.D. Tex. May 28, 2013) (dismissing suit filed by Perez while criticizing his continued pursuit of "premature, duplicative, and frivolous lawsuits"), *aff'd*, *Perez v. Texas Med. Bd.*, 556 F. App'x 341, 342 (5th Cir. 2014). Perez repeats many of these same claims and theories in the suit giving rise to this appeal, and claim or issue preclusion would be among the difficulties he would face were he to successfully invoke the district court's jurisdiction here.

[4] *See generally* Tex. Occ. Code §§ 204.101(2)–(4), .151–.353.

[5] *See* Tex. Gov't Code § 2001.176 ("A person initiates judicial review in a contested case" by filing a petition in Travis County district court "not later than the 30th day after the date on which

2

(notwithstanding the contents of the order itself) that the TMB, not the TPAB, was the correct agency defendant. The district court rejected this argument, and Perez maintains that this was error. His contentions are without merit.

Although the TPAB's enabling statute terms it "an advisory board to the [TMB]"[6] and gives TMB oversight and managerial duties that include the power to approve or disapprove rules that TPAB proposes for adoption,[7] these powers or duties do not extend to the licensing and discipline of individual physician assistants—instead, such authority is vested exclusively in TPAB.[8] TMB is not empowered, for example, to entertain or review appeals of TPAB orders revoking a physician assistant's license or imposing other discipline—rather, a licensee's final administrative remedy is a motion for rehearing to the TPAB.[9] The revocation order here is consistent with this statutory structure—it is in the name of TPAB, is signed by a TPAB board member, and reflects that the agency is exercising its delegated statutory powers to discipline licensees. In short, TPAB, not TMB, was the relevant state agency that Perez had to sue in order to invoke the district court's subject-matter jurisdiction through APA Subchapter G. He failed to do so, nor even attempted to

---

the decision that is the subject of complaint is final and appealable."); *Texas Dep't of Protective & Regulatory Servs. v. Mega Child Care, Inc.*, 145 S.W.3d 170, 197 (Tex. 2004) (concluding that Subchapter G, by providing right of judicial review of agency order in a "contested case," waives agency's sovereign immunity to extent of permitting that claim, as "the Legislature necessarily understood that state agencies would be sued in court . . . , that contested-case decisions of those agencies would be judicially reviewed under the standards set forth in section 2001.174, and that the challenged administrative decisions would be either affirmed, reversed, or remanded as provided by section 2001.174").

[6] Tex. Occ. Code § 204.051(a).

[7] *See id*. § 204.102(b).

[8] *See generally id.* §§ 204.101(2)–(4), .151–.353.

[9] *See id.* § 204.058 (APA governs TPAB); *see also* Tex. Gov't Code §§ 2001.145–.146 (requiring motion for rehearing as prerequisite to judicial review).

do so when made aware of the defect. The district court did not err in dismissing his claim seeking judicial review.

To the extent Perez is purporting to assert additional or independent ultra vires or constitutional claims, we conclude that none could invoke the district court's subject-matter jurisdiction.[10] Similarly, any other complaints Perez advances on appeal (leaving aside whether they were preserved below or were sufficiently briefed here) would not be material to jurisdiction, and we need not belabor them further.[11]

We affirm the district court's judgment.

_____

Bob Pemberton, Justice

Before Justices Puryear, Pemberton, and Bourland

Affirmed

Filed:   December 10, 2015

_____

[10] *See Andrade v. NAACP of Austin*, 345 S.W.3d 1, 13–14 (Tex. 2011) (legally non-viable claims of constitutional violations by state officer was barred by sovereign immunity); *City of El Paso v. Heinrich*, 284 S.W.3d 366, 372–73 (Tex. 2009) (to invoke ultra vires exception, claimant "must allege, and ultimately prove, that the officer acted without legal authority or failed to perform a purely ministerial act"); *see also Texas Dep't of Transp. v. Sunset Transp., Inc.*, 357 S.W.3d 691, 701–02 (Tex. App.—Austin 2011, no pet.) (to analyze whether pleadings have invoked jurisdiction via ultra vires exception, we "construe the provisions of the [statutes] that define the scope of [the governmental body's] legal authority, apply them to the facts [the claimant has presented], and ascertain whether those facts constitute acts beyond [the agency's] legal authority" (citing *Heinrich*, 284 S.W.3d at 372–73; *Creedmoor-Maha Water Supply Corp. v. Texas Comm'n on Envtl. Quality*, 307 S.W.3d 505, 516 n.8 (Tex. App.—Austin 2010, no pet.))).

[11] *See* Tex. R. App. P. 47.1 (requiring "written opinion that is as brief as practicable," addressing all issues "raised and necessary to final disposition").